[Civ. No. 9829.  First Appellate District, Division Two.—January 30, 1936.]

JOHN REPOSA, Appellant, v. CARLOS PEARCE, Respondent.

Larrouy & Macdonald for Appellant.

J. E. McCurdy and F. E. Hoffman for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries, and defendant had judgment. The appeal is on a bill of exceptions.

The plaintiff and another were riding as guests of the defendant in the latter's automobile when it struck a truck at an intersection. The plaintiff was injured, and his companion was killed. All three were on what may be called a drinking party. They purchased some whiskey at Belmont, then drove out to an airport where they entered a building and continued their drinking until the defendant became badly intoxicated. The plaintiff believed that he was less intoxicated than the defendant and asked permission to drive the car on the return trip. Defendant at first consented, and plaintiff entered the car and started the motor. The defendant then came out of the building and demanded the right to drive his own car, to which the plaintiff answered, ''all right''. He testified that the defendant ''pushed'' him from under the wheel and that defendant failed to heed his warning when the car was driven at a high speed. All this evidence comes from the plaintiff—the defendant was not produced as a witness at the trial.

The plaintiff sued under the provisions of section 141¾ of the California Vehicle Act, charging that the collision was the proximate result of the intoxication and the wilful misconduct of the defendant. The answer pleaded contributory negligence. The trial court found that the defendant's intoxication and wilful excessive speed were the proximate causes of the collision, but that plaintiff himself was negligent, that he continued to ride with defendant well knowing that defendant was intoxicated and not in a fit condition to operate the automobile, and that he did this voluntarily and without protest.

We purposely refrain from discussing the technical points raised by the appellant because the case is controlled by the sound principle announced in *Schneider* v. *Brecht*, 6 Cal. App. (2d) 379 [44 Pac. (2d) 662]. In holding that the statute did not permit recovery by a guest under these same circumstances, the court said, ''While it is true, generally speaking, that ordinary negligence on the part of a plaintiff is not a defense upon which a defendant may rely when the complaint is based upon a charge of wilful misconduct, this overlooks a principle which we think must be considered, to wit: That where the negligence of the plaintiff is of such a character that it contributes to, and really becomes a part of, and the inducing cause of the defendant's wilful misconduct, no recovery can be or should be had. . . .

" . . . While the words 'intoxication' and 'wilful misconduct' are used in the same sentence, and appear to be conjoined, we think that the intent of the legislature was that the wilful misconduct should be something different and apart from the acts and conduct of one whose reckless driving is superinduced by intoxication, that is to say, if the acts of the driver which would be classed as wilful misconduct if not laboring under the influence of intoxicating liquor, when induced and brought about by the use of intoxicating liquor, then and in that case the action is to be regarded solely as the result of drunken driving or driving while one is under the influence of intoxicating liquor, and though the acts apparently are wilful, intentional and reckless, yet if, as found by the court, they proximately resulted from the use of intoxicating liquor, and the circumstances of the case show that the guest was a participant in the drunken orgy in all the acts and events which led up to the intoxicated condition, recovery cannot be had, for the simple reason that both parties are equally culpable. If the acts and conduct of an intoxicated person can be separated from the condition of the person, and those acts set out and made the basis of an action sounding in wilful misconduct, then and in that case the plaintiff is entirely relieved from any liability or responsibility on account of riding with a drunken driver, and the section of the code, by such construction, would be rendered absolutely nugatory. It cannot be that the legislature intended that the very acts upon which a court or jury might properly rely to establish the intoxicated condition of the driver, should relieve the plaintiff, knowing of that condition, from any charge of being equally guilty, and permit an action to be founded upon such acts, by naming the acts 'wilful misconduct'."

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.