[Civ. No. 2344. Fourth Appellate District.—December 4, 1939.]

LUTHER A. PRICE, Appellant, v. WALTER J. SCHROEDER, Respondent.

C. H. Van Winkle for Appellant.

Luce, Forward & Swing, Fred Kunzel and Herbert Kunzel for Respondent.

BARNARD, P. J.—This is an action for damages for injuries received by the plaintiff while riding in an automobile as a guest of the defendant. The complaint contained two causes of action, one alleging intoxication of the defendant and the other wilful misconduct. The answer alleged that the plaintiff did not exercise ordinary care or prudence to avoid the accident and that his resulting injuries were directly and proximately contributed to and caused by his own fault and negligence. During the trial the first cause of action, based upon intoxication, was dismissed.

Findings of fact were signed and filed on November 25, 1938, and on the same day a judgment was entered in favor of the defendant. The plaintiff moved for a new trial and in denying that motion and "as a part of said order" the court, after stating that the findings of fact and conclusions of law had been inadvertently signed, directed that they be amended and changed in certain respects as set out in the order. The amended findings were filed on January 31, 1939, and on the same day a judgment was entered in favor of the defendant. The plaintiff again moved for a new trial, which motion was denied, and this appeal was taken from the second judgment.

In the amended findings it is found that at about 4:20 o'clock A. M. on January 1, 1938, the plaintiff was riding as a guest in an automobile which was being driven along a certain highway by the defendant. It is then found as follows:

"II.

"That it is true that at said time and place, said defendant continued to drive his said automobile after he had knowledge of the fact that he was in a sleepy and drowsy condition, and that it is true that a short time prior to the accident in question, and while driving his said automobile, the defendant had become drowsy, and that it is true that the accident in question resulted by reason of the fact that the defendant had gone to sleep, and thereby allowing said car to run into a telephone pole on the right hand side of the road.

"III.

"That it is true that the plaintiff had knowledge of the fact that the defendant had been working at his place of

business on the day preceding the accident, and that the plaintiff had knowledge that the defendant had not had any sleep from approximately 7 o'clock a. m. on the day preceding the accident up to the time of said accident. That between approximately 8 o'clock p. m., and 11 o'clock p. m., on the night preceding the accident, the plaintiff served to the defendant and to three other members of the party at his home, more than five whiskey sours each; that during said time the plaintiff used approximately three pints of whiskey in the making of said whiskey sours. That most of said drinks were had before dinner. That the said party proceeded to Tia Juana and arrived at Tia Juana at approximately 12 o'clock m., and that between 12 o'clock m., and 4 o'clock a. m. the defendant consumed in plaintiff's presence approximately five glasses of beer, one whiskey sour, and one Scotch whiskey and soda. That it is true that the plaintiff should have had knowledge that because of defendant's activities and drinking the defendant in driving his car would have a tendency to become sleepy and drowsy, and that it is true that the injuries to plaintiff resulting from said accident were proximately caused by his own acts in serving liquor to defendant and drinking with defendant, and by his own carelessness and negligence in entering the said automobile with knowledge then and there of the facts hereinbefore found.''

The conclusions of law are: That the accident resulted from the wilful misconduct of the defendant, that the plaintiff was guilty of contributory negligence, and that the plaintiff take nothing by reason of his complaint.

The appellant first contends that the original findings did not support the original judgment and that the court was without power to amend or change the findings after a judgment had been entered. This contention is without merit in view of section 662 of the Code of Civil Procedure, adopted in 1929. (*Spier* v. *Lang*, 4 Cal. (2d) 711 [53 Pac. (2d) 138]; *Bureau of Welfare, etc.,* v. *Drapeau,* 21 Cal. App. (2d) 138 [68 Pac. (2d) 998].)

It is next contended that the defense of contributory negligence on the part of a plaintiff is based upon and relates to ordinary negligence upon his part, and that such negligence cannot defeat a recovery against a defendant who was guilty of wilful misconduct. Assuming, but not holding, that continuing to drive an automobile after he

has knowledge of the fact that he is in a sleepy and drowsy condition constitutes wilful misconduct on the part of a driver, the point raised is of no avail to the appellant under the facts here found.

In considering a like contention in a case involving somewhat similar facts the court, in *Schneider* v. *Brecht*, 6 Cal. App. (2d) 379 [44 Pac. (2d) 662], said:

"While it is true, generally speaking, that ordinary negligence on the part of a plaintiff is not a defense upon which a defendant may rely when the complaint is based upon a charge of wilful misconduct, this overlooks a principle which we think must be considered, to wit: That where the negligence of the plaintiff is of such a character that it contributes to, and really becomes a part of, and the inducing cause of the defendant's wilful misconduct, no recovery can be or should be had. . . .

"While the words 'intoxication' and 'wilful misconduct' are used in the same sentence, and appear to be conjoined, we think that the intent of the legislature was that the wilful misconduct should be something different and apart from the acts and conduct of one whose reckless driving is superinduced by intoxication, that is to say, if the acts of the driver which would be classed as wilful misconduct if not laboring under the influence of intoxicating liquor, when induced and brought about by the use of intoxicating liquor, then and in that case the action is to be regarded solely as the result of drunken driving or driving while one is under the influence of intoxicating liquor, and though the acts apparently are wilful, intentional and reckless, yet if, as found by the court, they proximately resulted from the use of intoxicating liquor, and the circumstances of the case show that the guest was a participant in the drunken orgy in all the acts and events which led up to the intoxicated condition, recovery cannot be had, for the simple reason that both parties are equally culpable." . . .

"The efficient cause in the instant case was intoxication, intoxication superinduced by the active participation of the plaintiff, and we find no line of demarcation separating the result from the cause, upon which the plaintiff can rely, and at the same time hold the defendant liable in damages.

"The case cited by the appellant to the effect that ordinary negligence constitutes no defense to a charge of wilfulness or wantonness, we think inapplicable where the facts

show that the plaintiff was guilty of every act complained of, as against the defendant, and participated in bringing about the mental condition of the defendant which culminated in the collision.''

In that case the court quoted from *Spillers* v. *Griffin*, 109 S. C. 78 [95 S. E. 133, L. R. A. 1918D, 1193], including the following:

"If there is no law to allow the defense of contributory wilfulness, so there is no law that allows a plaintiff to recover when he has himself contributed wilfully as a proximate cause to the injury. The plaintiff must show his right to recover in law and in fact."

The salutary principle announced in *Schneider* v. *Brecht*, *supra*, was followed in *Reposa* v. *Pearce*, 11 Cal. App. (2d) 517 [54 Pac. (2d) 475]. The appellant seeks to distinguish these cases on the ground that there was no positive finding of intoxication in the instant case. The court here found that the respondent became drowsy and sleepy as a result of drinking a large quantity of liquor and of his activities through practically an entire night following a day's labor, and further found that the appellant should have known that these things would cause the respondent to become drowsy, and that the injuries to the appellant were proximately caused by his own acts in serving liquor to the respondent and drinking with him, and by his own negligence in entering the automobile with knowledge of the other facts found. In principle, this case cannot be distinguished from the cases cited, although the finding is that the accident resulted by reason of drowsiness which naturally followed a night of drinking, rather than a specific finding of complete intoxication. The inducing cause of the mental condition of the respondent, which is the basis of the charge of wilful misconduct on his part, was the large amount of liquor he had consumed and his nocturnal activities, in connection with all of which the appellant had been a most active participant. The appellant was equally at fault in bringing about the very mental condition of which he complains and which led to the accident.

For the reasons given the judgment is affirmed.

Marks, J., and Griffin, J., concurred.