[Civ. No. 14682. First Dist., Div. One. Aug. 29, 1951.]

JIMMIE MOUNTAIN, Appellant, v. ROBERT NEIL WHEATLEY, Respondent.

ELIZABETH FOSS, Appellant, v. ROBERT NEIL WHEATLEY, Respondent.

J. Adrian Palmquist and Stanley C. Smallwood for Appellants.

Partridge & O'Connell for Respondent.

WOOD (Fred B.), J.—Each of the plaintiffs, in two separate actions against Robert Neil Wheatley, consolidated for the purpose of trial, appeals from the judgment entered upon a verdict for the defendant. They are actions to recover damages for personal injuries sustained by the respective plaintiffs while riding as guests of the defendant, in his automobile, driven by him at the time of the accident.

Each action is predicated upon the alleged wilful misconduct of the defendant as the proximate cause of the injuries. In each, the defendant denied the material allegations of the complaint and interposed the defenses of contributory negligence and assumption of risk.

Appellants claim that certain instructions given the jury upon the subjects of contributory negligence and assumption of risk were prejudicially erroneous. They do not challenge the propriety of giving proper instructions on those subjects, nor do they contend that the evidence was insufficient to support the verdicts.

■ *Two instructions on contributory negligence,* appellants claim were "erroneous in that neither of them includes any mention of any necessity that the conduct of the guest must contribute to, and become a part and inducing cause of the wilful misconduct of the host driver, before the conduct

of the guest will bar his recovery." These instructions, given at the request of respondent, read as follows:

"The rider in a vehicle being driven by another has the duty to exercise ordinary care for her or his own safety. Due care generally requires of the rider that he or she, having reasonable opportunity to do so, protest against obvious negligence of the driver and have the manner of operation changed to a safe manner. Failing to have the manner of operation changed to a safe manner, due care generally requires a rider to leave the automobile if he or she has reasonable opportunity to do so, and if a person in the exercise of ordinary care would leave the car under the circumstances."

"You are instructed that if you find from the evidence that in the exercise of ordinary care an ordinarily prudent person, having a reasonable opportunity to leave the vehicle in question, would have left the same and refuse to resume passage in it, and you further find that the plaintiffs in this case did not do so, and that they failed thereby to exercise ordinary care for their own safety, then you are instructed that you must find a verdict in favor of the defendant and against such plaintiffs."

By these instructions, the trial court advised the jury of the circumstances, in this case, under which the rule of law expressed in section 1714 of the Civil Code, as interpreted by the courts, would apply. In support of their criticism of these instructions, appellants rely upon the following statement which appears in *Schneider* v. *Brecht*, 6 Cal.App.2d 379, at 383-384 [44 P.2d 662]: "While it is true, generally speaking, that ordinary negligence on the part of a plaintiff is not a defense upon which a defendant may rely when the complaint is based upon a charge of wilful misconduct, this overlooks a principle which we think must be considered, to wit: That where the negligence of the plaintiff is of such a character that it contributes to, and really becomes a part of and the inducing cause of the defendant's wilful misconduct, no recovery can be or should be had." That statement was made to formulate and express a "principle" of law. The court was not writing an instruction, nor was it considering an instruction that had been given by the trial court. There is no necessary inference of a requirement that an instruction embody the very words used in stating the principle. The court did have before it findings of the trial court (6 Cal.App.2d, pp. 381-383), deemed sufficient by the reviewing court, which stated that during a period of some hours

prior to the accident the parties had been drinking alcoholic liquors together, at various places which they visited; that at the last place visited defendant (the host driver) was under the influence of intoxicating liquor to such an extent as to prevent her from exercising the care which she otherwise would have exercised; that plaintiff was "fully aware of said intoxicated condition . . . and . . . knew that if she [plaintiff] entered said automobile while the said defendant was in such intoxicated condition, with the defendant operating the same, she would be guilty of negligence and carelessness in so doing, and then knew that in said intoxicated condition defendant would not listen to, or heed any request plaintiff might thereafter make; that notwithstanding said knowledge on said plaintiff's part, she did so enter said automobile, and said defendant proceeded to drive and operate the same in said intoxicated condition"; that defendant then drove at an excessive speed, raced with another vehicle, swerved from side to side, and with knowledge of the probable result tried to cut in ahead of a vehicle, causing the collision; "that the intoxication of the defendant was the proximate cause of the accident"; and that appellant's injuries "were proximately caused by her own carelessness and negligence in so entering the said automobile with knowledge then and there of the facts hereinbefore found." Here were stated the circumstances which made the defense of contributory negligence available in such a case. In appraising those circumstances, the court expressed the formula which appellant herein invokes. The court did not say, nor do we believe it intended the inference to be drawn, that a trial judge must instruct the jury in the words of the formula, whether in lieu of or in addition to giving them a statement of the circumstances, appropriate to the facts in evidence, under which the defense of contributory negligence is available.

That the court in the Schneider case had no thought of requiring that a jury instruction be couched in the very words of this formula, is further indicated by a statement which that court made in the later case of *Johnson* v. *Marquis,* 93 Cal.App.2d 341 [209 P.2d 63]. It held that the uniting in one count of allegations that the guest plaintiff's injuries were caused by the intoxication and by the wilful misconduct of the defendant did not preclude the defendant from pleading the defense of contributory negligence to either or both of those charges. The court observed that defendant did plead that defense, and said: "Certainly, if plaintiffs had furnished

the liquor which caused the appellant to become intoxicated, and voluntarily rode with her, knowing that she was dangerously intoxicated, they might be precluded from recovering damages. Likewise, if they observed the reckless manner in which she was operating the car, and had the opportunity of preventing such conduct, or of stopping the car and refusing to ride with her, and failed to do so, they might also be prevented from recovering damages. That is exactly what this court said in the Schneider case, *supra,* with respect to pleading and relying upon contributory negligence as a defense to alleged wilful misconduct.'' (93 Cal.App.2d, at p. 346.) The court then quoted the statement of principle (invoked by appellants herein) which it formulated in the Schneider case. In view of the court's declaration that those two statements were ''exactly'' the same, there can be little doubt that in its opinion a statement of the circumstances under which the defense of contributory negligence is available is the equivalent of a statement of the principle expressed as a formula.

It is of interest to note that in *Amidon* v. *Hebert,* 93 Cal. App.2d 225 [208 P.2d 733], a guest case, an instruction on contributory negligence had been given in the very words of this formula. Defendant, appealing, ''argued that this is a formula instruction and that it fails to cover proximate cause, burden of proof, and assumption of risk'' (p. 227). The court found that the other elements were thoroughly and repeatedly covered in other instructions, including several in which wilful misconduct was fully defined. ''Five instructions followed the instructions on misconduct, of which three were requested by the defendant, covering contributory negligence and assumption of risk and the circumstances under which these matters, or either of them, would be a defense to the charge of wilful misconduct. The challenged instruction was the last of these five'' (p. 228). It seemed clear to the court that the challenged ''instruction was intended as a part of those covering the defenses thus relied on, and that it was not intended as an instruction covering all elements in the case'' (p. 228). The court concluded that, with all the elements covered by other instructions (including, we infer, the circumstances under which contributory negligence would be a defense to the charge of wilful misconduct), ''It could not reasonably be supposed that it was misled by the instruction complained of, that it misunderstood the issue submitted to it, or that any omission in this instruction contributed to or affected the verdict'' (p. 228). We do not derive from

that decision a holding that if a trial court properly instructs the jury upon all elements in the case, including the circumstances under which the defense of contributory negligence would be available, this formula instruction on contributory negligence must also be given.

In the instant case, the trial court did (at appellants' request, with modifications which they do not question) instruct the jury in terms of that formula, as follows: "A guest's contributory negligence, if any, is for the jury to determine, but where the complaint is based upon a charge of wilful misconduct, the guest's contributory negligence, if any, is not a defense, in actions against the host driver unless it is of such a character that it contributes to, and really becomes part of, and the inducing cause of, the host driver's wilful misconduct if any." (Plaintiffs' Instruction No. 16, as modified.) Appellants urge that the formula which this instruction expresses should have been incorporated in the very text of the two instructions, above discussed, which they question. We do not so view it. Those instructions were adequate without the formula. Moreover, the jury had the formula before it and was properly "cautioned not to select a single instruction or a portion of an instruction alone, but to consider all of the instructions in determining any issue in the case."

█ *Two instructions on assumption of risk,* appellants assert were "erroneous for the same reason [absence of the formula] that the instructions on contributory negligence are erroneous, but with the difference that they were accompanied by no general instruction by which it might be claimed that the effect of the error was mitigated or cured." Those instructions, given at the request of respondent, read as follows:

"There is a legal principle commonly referred to by the term 'assumption of risk,' which now will be explained to you: One is said to assume a risk when he or she freely, voluntarily and knowingly manifests his or her assent to dangerous conduct or to the creation or maintenance of a dangerous condition, and voluntarily exposes himself or herself to that danger, or when he or she knows, or in the exercise of ordinary care would know, that a danger exists in either the conduct or condition of another, or in the condition, use or operation of property, and voluntarily places himself or herself, or remains, within the area of danger. One who thus assumed a risk is not entitled to recover for damage caused him or her without intention and which resulted from the

dangerous condition or conduct to which he or she thus exposed himself or herself.'' (Defendant's Instruction No. 17.)

''When a guest assents to the wilful misconduct of the driver of a vehicle so as to show a voluntary assumption of the risk, he or she is barred from recovering for injuries. The assent of the guest in such respects may be shown by a knowing concurrence by such guests in the wilfulness of the conduct of the driver and a knowing concurrence of the hazard created by such conduct. The plaintiffs in this case may not recover if you find that they knew at the time of the ride that it was perilous (if in fact you find it to have been perilous) and they had sufficient experience and understanding to appreciate the dangerous character of the conduct of the driver (if in fact you find it to have been dangerous conduct), and the guests nevertheless, with this knowledge and appreciation, lent their approval to the conduct of the driver. One of the facts to be considered by you is whether with such knowledge the plaintiffs protested to the driver regarding the operation of the automobile. If you find they had such knowledge, a further fact for you to consider as to whether plaintiffs assumed the risk of riding in the automobile, is whether or not they had a reasonable opportunity to leave the car before the accident, and whether or not a person of ordinary prudence in their position would have alighted from the vehicle and refused to resume passage in it.'' (Defendant's Instruction No. 18, as modified.)

By these instructions the court appropriately advised the jury the circumstances which, if found to exist, would show that plaintiffs assumed the risk, and would bar recovery. We do not deem it necessary additionally to advise a jury in terms of the formula (no more so than when appropriate instructions are given on the subject of contributory negligence), assuming but not deciding that the assumption of risk by a guest must be under such circumstances that it contributes to, becomes a part of, and the inducing cause of the host driver's wilful misconduct. It is sufficient, as in the instant case, to advise the jury of the circumstances, appropriate to the issues and the evidence, under which that risk may have been assumed by the plaintiff. ▮ In addition, we note that appellants did not request the trial court to give any instruction (with or without the formula) on the subject of assumption of risk, except the following, which the court did give: ''A guest has a right to assume, until the contrary reasonably appears, that the host driver will drive in a prudent manner

and take necessary precautions to safeguard the life and person of his guests." (Plaintiffs' Instruction No. 17, as modified.) It does not become appellants to complain, after the trial and upon appeal, of a failure to give a formula instruction which they had not requested.

We have read the entire charge to the jury and are of the opinion the jury was fully and fairly instructed upon all essential issues in the case.

■ Appellants make one further claim of error. The jury, after retiring to deliberate, returned to the courtroom and requested further instruction in regard to wilful misconduct and assumption of risk. The court then read all of the instructions previously given on wilful misconduct, and defendant's Instruction Number 17 and plaintiffs' Instruction Number 17 on assumption of risk, above quoted. Appellants now complain because the court did not then also read their formula instruction on contributory negligence, number 16, above quoted. That was not an instruction on assumption of risk; no formula instruction on that subject was necessary, as we have observed; appellants requested no such instruction on that subject; and they did not bring to the trial court's attention the omission of which they now complain. We find no error in the omission of plaintiffs' Instruction Number 16 upon that occasion.

The judgments appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.