[Civ. No. 19199. First Dist., Div. One. July 6, 1961.]

HELEN R. BRADBEER, Appellant, v. T. J. SCOTT,
Respondent.

Lew M. Warden, Jr., for Appellant.

Grunsky & Pybrum for Respondent.

HOYT, J. pro tem.*—This is an action to recover for personal injuries sustained by appellant in an automobile accident. The jury brought in a verdict for respondent and the appellant takes this appeal.

Appellant, a married woman 36 years of age, was vacationing in Santa Cruz County without her husband. Respondent was unmarried and 21 years of age. They met in a bar in Capitola on August 1, 1958. On the next evening at about 10 o'clock they met again by appointment, and began an evening of drinking alcoholic liquor from place to place in the county, culminating in an interlude of illicit relations in a motel in Scotts Valley. They left Scotts Valley about 3 o'clock in the morning. Respondent was driving a sports car in which appellant was riding as a guest. The accident happened about 3:30 or 4 a. m. Respondent failed to negotiate a curve on the "windy, twisty, narrow road," and smashed

*Assigned by Chairman of Judicial Council.

into a culvert on the other side of the highway. Appellant was injured in the accident.

At the pretrial hearing, on motion of appellant's counsel, the allegations of drunkenness and intoxication were stricken. This left wilful misconduct as the only ground for respondent's liability. Respondent defended the action with general denials and allegations of contributory negligence and assumption of risk.

Appellant contends that respondent committed prejudicial error by calling ''to the attention of the jury an illicit relationship between the parties where the pre-trial conference order has specifically excluded the matter.'' The portion of the testimony to which appellant objects reads as follows: [BY MR. GRUNSKY] : ''Q. Now, where did you go from Felton? A. To Scotts Valley. Q. What was your destination in Scotts Valley? A. A motel. [Objection by Mr. Warden was overruled.] Q. Did you have anything to drink at Scotts Valley? A. No, sir. Q. How long did you remain in the Scotts Valley area? A. Oh, maybe two hours, two and a half, around there. Q. Did you have anything further to drink from the time you were in Felton to the time the accident occurred? A. No, sir. Q. Now, when you departed from Scotts Valley what was your destination? A. It was to take her back to Brookdale Lodge.'' There is nothing in this testimony about illicit relations. No illicit relationship was called to the attention of the jury by respondent. If there was speculation by the jury it was as a result of appellant's objecting that the words ''a motel'' were prejudicial error. Appellant cannot complain about something which she did herself.

The pretrial judge defines the issues but he cannot exclude competent evidence relevant to any issue in the trial.

Respondent's theory was that the respondent was not as alert as he should have been because of the drinking and the lateness of the hour, and that this lack of alertness caused him to lose control of his automobile and the resultant accident; that plaintiff was partly responsible for the drinking and the lateness, and therefore for the accident. (*Price* v. *Schroeder*, 35 Cal.App.2d 700 [96 P.2d 949].) This evidence was relevant to this theory and was therefore admissible even though it might have been improper for some other purpose. (*Daggett* v. *Atchison T. & S. F. Ry. Co.*, 48 Cal.2d 655, 666 [313 P.2d 557].)

Appellant next suggests that it was prejudicial error to submit the issue of contributory negligence to the jury.

Appellant testified that respondent was "driving very fast," that "he run the stop sign there in Felton," that he was driving "about seventy miles an hour" as he left Felton, and that she was "scared." From this testimony the jury could have reasonably concluded that appellant was aware of the hazard. Appellant testified that respondent was driving at excessive speed for many miles before the accident. Respondent believed that he was traveling at a safe and prudent speed. Respondent testified that appellant only asked him to slow down once and that when she asked him he slowed down. Respondent was going "around 70" just before the accident according to appellant. From this testimony the jury could have found that the appellant did not use ordinary care under the circumstances for her own safety. ▮ If the passenger knew, or in the exercise of reasonable care should have known, that the automobile was being operated at an unsafe speed it was the duty of the passenger to protest to the driver at such time and in such manner as is reasonable and prudent under all the circumstances. (*Stewart* v. *Wagenbach,* 3 Cal.2d 755, 758 [47 P.2d 267]; *Tice* v. *Pacific Electric Ry. Co.,* 36 Cal.App.2d 66, 70 [96 P.2d 1022, 97 P.2d 844]; *De Stackelberg* v. *Lamb Transp. Co.,* 168 Cal.App.2d 174, 178 [335 P.2d 522].) Where plaintiff and defendant spent the afternoon going from bar to bar drinking various kinds of intoxicating liquor, and then plaintiff was injured while a guest in the defendant's automobile, the accident being the result of the defendant's wilful misconduct, the court said: "That where the negligence of the plaintiff is of such a character that it contributes to, and really becomes a part of, and the inducing cause of the defendant's wilful misconduct, no recovery can be or should be had." (*Schneider* v. *Brecht,* 6 Cal.App.2d 379, 383-384 [44 P.2d 662]. See also *Price* v. *Schroeder, supra,* p. 703.) ▮ The jury could have found that by drinking with respondent over a long period of time appellant's conduct contributed to, became a part of, and an inducing cause of, respondent's wilful misconduct if any. Under these circumstances, it was proper to give the jury instructions on contributory negligence.

▮▮ Appellant also contends it was error for the court to refuse to permit appellant to prove that respondent forfeited $21 bail on a charge of violation of the basic speed law and driving on the wrong side of the highway. It is appellant's position that a bail forfeiture is an admission against interest and that the trial court should not have sustained an objection

to questions intended to develop these facts. There are two answers to this contention: first, the forfeiture of bail in a criminal action is not admissible in a civil action as an admission against interest (*Cope* v. *Goble,* 39 Cal.App.2d 448 [103 P.2d 598]; *Burbank* v. *McIntyre,* 135 Cal.App. 482 [27 P.2d 400]), and, secondly, while a plea of guilty to either a violation of the basic speed law or to driving on the wrong side of the road may be some evidence of negligence it would not be evidence of wilful misconduct. (*Olson* v. *Jones,* 172 Cal.App.2d 539 [349 P.2d 440].)

The judgment is affirmed.

Tobriner, Acting P. J., and Duniway, J., concurred.