[L. A. No. 29531. In Bank. May 16, 1968.]

REBECCA H. WILLIAMS, Plaintiff and Appellant, v. LEO FRANCIS CARR, Defendant and Respondent.

Heily & Blase, DeWitt F. Blase and Edward L. Lascher for Plaintiff and Appellant.

Edward I. Pollock, Robert E. Cartwright, Theodore A. Horn, Robert G. Beloud and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Thomas E. Rubbert for Defendant and Respondent.

PETERS, J.—By a vote of 10 to 2 the jury returned a verdict for defendant in this action to recover for personal injuries sustained when defendant's car struck an electric

pole. Plaintiff, who was a guest in the car, has appealed from the ensuing judgment.

There is very little conflict in the evidence.

On Friday, July 20, 1962, defendant, a Naval officer, arose about 5 :30 a.m. and went to work. After work, about 4 p.m., defendant thought he might have had a beer although his memory was unclear. About 6 :30 in the evening, he met plaintiff, Ensign Kent (a Wave officer), and Ensign Harris in the lobby of the Point Mugu Bachelor Officers Quarters. Defendant had first met plaintiff either that day or the day before.

The group went to the Villa Bella restaurant in defendant's station wagon. The restaurant is located about 40 miles from Point Mugu, and they arrived there about 8 p.m., and ordered dinner and some beer. About 9 p.m., having finished dinner, they moved to a table near a piano where they remained the balance of the evening, drinking beer and joining with other patrons in community singing until about 2 a.m. when they left.

Defendant estimated that he had five to seven 8-ounce glasses of beer during the evening. Ensign Kent testified that she had from five to eight beers and that defendant probably had more.

Upon leaving the restaurant the four of them entered defendant's car, with defendant driving, Ensign Kent sitting beside him in the front seat and plaintiff and Ensign Harris in the rear. Defendant seemed to walk normally, and there was nothing unusual about his driving as the return trip commenced. The two women, plaintiff and Ensign Kent, talked for about 15 minutes and then went to sleep. They were asleep when the accident occurred at approximately 2 :50 a.m., a few miles from Point Mugu.

Defendant said that he did not feel that his driving ability was affected by the consumption of the beer, although he recognized that the beer had an effect on his mental alertness which was not apparent to his guests. He did not say anything to the others about his condition. About five minutes before the accident, defendant felt tired, and he stopped the car. He rolled down the tailgate window and the driver's window so that air would circulate in the car and he would stay awake. At that time the other people in the car were asleep. Defendant had been awake for 22 hours.

Defendant's former wife testified that beer would make him sleepy, and defendant admitted that he was aware of that fact when he stopped the car and opened the windows. He did not

attempt to awake the guests or tell any of them of his tired-
ness. He did not recall whether he turned on the radio. He
then started to drive again and within a few minutes fell
asleep and drove off the road and into the pole.

It is undisputed that plaintiff was a "guest" in defend-
ant's car as that term is defined in section 17158 of the
Vehicle Code. Under that section she could not recover from
defendant for the substantial personal injuries received in the
accident unless she established that her injuries proximately
resulted from the intoxication or willful misconduct of
defendant. The trial judge instructed the jury on willful mis-
conduct and intoxication. He also instructed the jury that
plaintiff could not recover for mere negligence and that
contributory negligence on the part of plaintiff would bar her
recovery.

■ As a general rule, contributory negligence on the part
of an injured plaintiff is no defense to an action based upon a
claim of willful misconduct. (*Seeger* v. *Odell*, 18 Cal.2d 409,
414 [115 P.2d 977, 136 A.L.R. 1291]; *Donnelly* v. *Southern
Pac. Co.*, 18 Cal.2d 863, 870 [118 P.2d 465]; *Harrington* v.
*Los Angeles Ry. Co.*, 140 Cal. 514, 522-523 [74 P. 15, 98
Am.St.Rep. 85, 63 L.R.A. 238]; *Esrey* v. *Southern Pac. Co.*,
103 Cal. 541, 544-545 [37 P. 500]; *Cawog* v. *Rothbaum,* 165
Cal.App.2d 577, 589-592 [331 P.2d 1063].) This rule is fol-
lowed in other jurisdictions. (See Rest.2d Torts, §§ 483, 503;
Prosser on Torts (3d ed. 1964) p. 436.) Dean Prosser states
unequivocally that "all courts" have held that ordinary
negligence on the part of plaintiff will not bar recovery for
"that aggravated form of negligence, approaching intent,
which has been characterized variously as 'willful,' 'wanton,'
or 'reckless.' " (Prosser on Torts, *supra*, p. 436.)

Several justifications have been offered for the general rule.
Many commentators as well as some courts have criticized the
all-or-nothing aspects of the contributory negligence doctrine,
which means that a slight amount of fault on the part of the
victim will exonerate a very negligent defendant and require
the victim who is only partially at fault to bear the entire
loss. ■ Willful, wanton, and reckless conduct differs from
negligence not only in degree but also in kind and in the
social condemnation attached to it, and a serious wrongdoer
should not escape liability because of the less serious or even
perhaps trivial misstep of his victim. (2 Harper and James,
The Law of Torts (1956), pp. 1207, 1213-1215; Prosser on
Torts, *supra*, p. 436.) Willful misconduct of the plaintiff will

ordinarily bar an action for willful misconduct of the defendant. (See, e.g., 2 Harper and James, *supra,* p. 1214.)

The difference between willful misconduct and negligence, although sometimes difficult to determine as applied to specific facts, is substantial. An intent to injure is not a necessary ingredient of willful misconduct within the guest statute; willful misconduct implies the intentional doing of something either with knowledge, express or implied, that serious injury is a probable, as distinguished from a possible, result, or the intentional doing of an act with a wanton and reckless disregard of its consequences. (E.g., *Cope* v. *Davison,* 30 Cal.2d 193, 198 et seq. [180 P.2d 873, 171 A.L.R. 667] ; *People* v. *Young,* 20 Cal.2d 832, 836-837 [129 P.2d 353] ; *Meek* v. *Fowler,* 3 Cal.2d 420, 425 [45 P.2d 194].) Negligence, of course, is the failure to exercise ordinary care under the circumstances. (E.g., *Donnelly* v. *Southern Pac. Co., supra,* 18 Cal.2d 863, 870 et seq.)

There are a substantial number of cases in California that have considered the nature of the conduct of the plaintiff which will bar recovery under the guest statute. Although all of the cases seem to state or hold that contributory negligence is a defense, examination of them shows that they are not in accord in determining the nature of the conduct which constitutes a bar.

One group of cases has held that although ordinary negligence is not a defense, contributory negligence is a defense to a charge of willful misconduct or intoxication of the host where the guest's ''conduct is such that it is a part of, or an inducing cause of the host's willful misconduct.'' (*Davis* v. *Nelson,* 221 Cal.App.2d 62, 66-68 [34 Cal.Rptr. 201] ; *Bradbeer* v. *Scott,* 193 Cal.App.2d 575, 578 [14 Cal.Rptr. 458] ; *Mountain* v. *Wheatley,* 106 Cal.App.2d 333, 335 [234 P.2d 1031] ; *Johnson* v. *Marquis,* 93 Cal.App.2d 341, 346 [209 P.2d 63] ; *Amidon* v. *Hebert,* 93 Cal.App.2d 225, 229 [208 P.2d 733] ; *Pennix* v. *Winton,* 61 Cal.App.2d 761, 763, 765 [143 P.2d 940, 145 P.2d 561] ; *Reposa* v. *Pearce,* 11 Cal.App.2d 517, 518 [54 P.2d 475] ; *Schneider* v. *Brecht,* 6 Cal.App.2d 379, 383 et seq. [44 P.2d 662].)

It is not entirely clear whether the phrase ''conduct is such that it is a part of, or an inducing cause of the host's wilful misconduct'' is a substantial limitation on the defense of contributory negligence. Some of the cases contain language that the plaintiff must be ''guilty of every act complained of, as against the defendant, and participated in bringing about

the mental condition of the defendant which culminated in the collision" (e.g., *Schneider* v. *Brecht, supra,* 6 Cal.App.2d 379, 387-388; *Pennix* v. *Winton, supra,* 61 Cal.App.2d 761, 765-766), and taken literally, the quoted language would constitute a substantial limitation on the defense of contributory negligence in guest cases. For example, in the instant case, although plaintiff engaged with defendant in drinking beer and social activities until early in the morning, which certainly were contributing factors to his falling asleep, she cannot be charged with responsibility for the entire period of 22 hours that defendant was awake.

On the other hand, several of the cases hold that the defense may be established where it is shown that the plaintiff's conduct contributed only to part of the defendant's misconduct (e.g., *Davis* v. *Nelson, supra,* 221 Cal.App.2d 62, 67-68), and in the light of these cases, it would appear that the seemingly limiting phrase, referring to conduct which is a part of, or an inducing cause of the host's misconduct, is not a substantial limitation on the defense of contributory negligence. Negligence on the part of the plaintiff, of course, is not a defense unless it contributed to and was a proximate cause of the accident, and the seemingly limiting phrase, when viewed as in *Davis,* does not place any further substantial limitation on the defense of contributory negligence in guest cases. When the seemingly limiting phrase is so viewed, it becomes apparent that the cases involve a contradiction in terms insofar as they state that ordinary contributory negligence is not a defense.

Another group of cases, although recognizing contributory negligence as a defense, have seemed to depart from the ordinary meaning of negligence, the duty to exercise due care under the circumstances. Thus, in *Lindemann* v. *San Joaquin Cotton Oil Co.,* 5 Cal.2d 480, 501 et seq. [55 P.2d 870], where the guest and his host had several highballs and beers prior to the accident the court stated: "There is no merit in the suggestion or contention that the evidence which tended to establish the intoxication of defendant Ewing to the degree which would render him liable for the injuries and damages suffered by reason of the accident is necessarily conclusive of the question as to whether plaintiff had or should have had knowledge that Ewing was so far affected by intoxicating liquor as to defeat his claim for damages. If that is true, then every person riding as a guest would be defeated by proof of the single fact that the driver was not in a fit condition to drive

the automobile. The question upon which liability depends is whether the plaintiff knew or should have known that defendant Ewing was not in a fit condition to drive his car on the occasion of the accident.''

In *Enos* v. *Montoya,* 158 Cal.App.2d 394, 401 [322 P.2d 472], where the guest and host prior to the accident had been at a party where each consumed some beer, the court said: ''It is true that under certain circumstances a guest who knows that his host has been drinking will be precluded from recovery; the circumstances arise when the guest has sufficient knowledge so that he knows or should have known that the host is incapable of careful driving [citation] or the guest has so participated in the drinking activities as to be in equal fault with him. [Citation.] ''

 The authorities discussed above show that the contributory misconduct of the plaintiff which will bar his recovery fall into three classifications. First are the cases where the plaintiff who knows or should know of the defendant's inability to drive safely continues to ride with him. Second are the cases where the host, although able to drive carefully, engages in persistent and obvious recklessness and the guest acquiesces or encourages it and fails to abandon the relationship. Third are the cases where the plaintiff himself participates in the defendant's wrongful conduct.

In the first two classes of cases the guest's voluntary self-exposure to the risk is so unreasonable as to warrant denial of recovery. In other words an assumption of the risk. The guest's conduct in such cases is not merely negligent but shows a reckless disregard for his own safety, and instructions on negligence and the standard of care are neither necessary nor desirable. Recovery should not be denied merely because a reasonable man would have inquired of the defendant as to his ability to drive or would have urged the defendant to drive carefully. Recovery should be denied only where the plaintiff who had an opportunity to withdraw, as pointed out in *Lindemann* and *Enos,* knows or should have known that his host was not in a fit condition to drive or where the plaintiff is aware that defendant will not drive carefully, despite his ability to do so. A plaintiff who continues to ride in such circumstances is guilty of more than mere negligence; his conduct shows a reckless disregard for his own safety. In such cases there is ''contributory willful misconduct.''

 In the third class of cases, where the plaintiff has participated in the defendant's misconduct, there is no reason

to depart from the general rule that contributory negligence is not a defense to an action for willful misconduct, and the proper rule should permit only contributory willful misconduct to be a defense. As noted above, several cases which hold that contributory negligence is a defense are based, at least in part, on the theory that denial of recovery is warranted because a plaintiff who is every bit as guilty as the defendant should not recover. Since negligence and willful misconduct differ not only in degree but also in kind and in the social condemnation attached, such an argument does not justify the defense of contributory negligence in guest cases but only that of willful misconduct. A guest who has had one or two drinks with the defendant and is unaware that the latter is incapable of driving safely should not be denied recovery merely because he has participated partially in the willful misconduct of the host or because a hypothetical reasonable man might hesitate before accepting a ride from the host. Indeed, as we have seen, some cases, although stating negligence rules, have upheld liability in such situations.

There is nothing in section 17158 of the Vehicle Code which provides that contributory negligence is a defense to an action by a guest for intoxication or willful misconduct. Nor is there anything in the section to indicate that ordinary principles applicable to actions involving conduct more aggravated than negligence should not be applied to actions by guests. It has been repeatedly pointed out that the guest law must be strictly construed since it lessens the common law right of having redress for injuries wrongfully inflicted (*O'Donnell* v. *Mullaney,* 66 Cal.2d 994, 997 [59 Cal.Rptr. 840, 429 P.2d 160]; *Prager* v. *Isreal,* 15 Cal.2d 89, 93 [98 P.2d 729]; *McCann* v. *Hoffman,* 9 Cal.2d 279, 281-282 [70 P.2d 909]), and the great majority of other jurisdictions have held that contributory negligence is not a defense in statutory guest litigation where the plaintiff in order to recover must prove willful misconduct or its equivalent (*Lionetti* v. *Coppola,* 15 Conn. 499 [161 A. 797, 798]; *Wagner* v. *Shanks* (Del.) 194 A.2d 701, 706-708; *Smith* v. *Sharp,* 85 Idaho 17 [375 P.2d 184, 194]; *Valentine* v. *England,* 6 Ill. App.2d 275 [127 N.E.2d 473, 475]; *Hoeppner* v. *Saltzgaber,* 102 Ind.App. 458 [200 N.E. 458, 463, 464]; *Bohnsack* v. *Driftmier,* 243 Iowa 383 [52 N.W.2d 79, 84]; *Long* v. *Foley,* 180 Kan. 83 [299 P.2d 63 ,71-72]; *Downing* v. *Marlia,* 82 Nev. 294 [417 P.2d 150, 153]; *Melville* v. *Greyhound Corp.,* 94 Ohio App. 258 [115 N.E.2d 42, 45-46]; *Lynch* v. *Alexander,* 242

S.C. 208 [130 S.E.2d 563, 564-565]; see 5 Blashfield, Automobile Law and Practice (3d ed. 1966) p. 304; 2 Harper and James, The Law of Torts, *supra*, p. 1214; cf. *Lessen* v. *Allison*, 25 Ill.App.2d 395 [166 N.E.2d 806, 809-810]).

We are satisfied that the introduction of negligence concepts in guest litigation is contrary to the great weight of authority, finds no support in the guest statute, is misleading, and is improper. No reason appears to depart in guest litigation from the general rule that contributory negligence is not a defense in an action based on willful misconduct. ■ The contributory conduct of the guest which may bar his action must be limited to misconduct which is as reprehensible as that of his host, i.e., conduct which shows a willful or reckless disregard of his own safety. The broad language appearing in the cases cited *supra* that contributory negligence is a defense to a guest action predicated on willful misconduct is disapproved.

In the instant case, the trial judge instructed the jury that one who is guilty of contributory negligence ''may not recover from another for the injury suffered.'' General instructions were given defining negligence and requiring that the negligence be a proximate cause of the injury. No instruction was given requiring the jury to find that the contributory negligence must be a part of or an inducing cause of the host's willful misconduct.

We conclude that it was error to instruct on contributory negligence.

Defendant urges that the judgment must be affirmed in any event because the evidence is insufficient to show willful misconduct or intoxication and because there is abundant evidence that plaintiff assumed the risk. It has been held that where a driver momentarily dozes off at the wheel of his car and after awakening continues to drive and an accident results from his falling asleep again, it is a question of fact for the jury as to whether the driver was guilty of willful misconduct in continuing to drive. (*Ching Yee* v. *Dy Foon*, 143 Cal.App.2d 129, 136-137 [299 P.2d 668]; *Halstead* v. *Paul*, 129 Cal.App.2d 339, 340-341 [277 P.2d 42]; *Pennix* v. *Winton, supra,* 61 Cal.App.2d 761, 764-765; *Erickson* v. *Vogt*, 27 Cal.App.2d 77, 80-82 [80 P.2d 533].) ■ Although there is no testimony that defendant fell asleep more than once, there is substantial evidence that defendant was aware that he had been awake continuously for as much as 20 hours, was aware that he had had a number of beers, was aware that

beers made him sleepy, and was aware that he was tired when he stopped the car to open the windows. Defendant fell asleep a few minutes after he resumed driving, and the jury could properly conclude in the circumstances that his resumption of driving showed a wanton and reckless disregard of its consequences.

Since the evidence is sufficient to show willful misconduct, it is unnecessary to consider whether it is also sufficient to show intoxication. With regard to the question of assumption of risk, defendant does not claim that the evidence shows assumption of risk as a matter of law, and in view of the fact that plaintiff was not aware that defendant, feeling very tired, had stopped the car to open the windows, the jury could properly conclude that plaintiff did not act with knowledge and appreciation of the magnitude of the risk. (Cf. *Shahinian* v. *McCormick*, 59 Cal.2d 554, 567 [30 Cal.Rptr. 521, 381 P.2d 377].)

 The trial court erred in instructing the jury on the issue of contributory negligence. This was prejudicial. There is substantial evidence to show willful misconduct on the part of defendant, and we have no way of knowing whether the verdict for defendant was based on the contributory negligence instructions.

The judgment is reversed.

Traynor, C. J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Justice Lillie in the opinion prepared by her for the Court of Appeal in *Williams* v. *Carr* (Cal.App.) 62 Cal.Rptr. 681.