[Civ. No. 13054. Fourth Dist., Div. Two. May 17, 1974.]

RANDY LEE SAVAGE, et al., Plaintiffs and Respondents, v.
WILLIAM VAN MARLE, Defendant and Appellant.

## COUNSEL

Belcher, Henzie & Biegenzahn and Robert D. Walker for Defendant and Appellant.

Young, Henrie & McCarthy and John C. McCarthy for Plaintiffs and Respondents.

## OPINION

**TAMURA, J.**—Defendant appeals from a $1,670,792 judgment for plaintiffs in a personal injury action tried by the court without a jury. In its findings and conclusions, the court determined that defendant was guilty of willful misconduct. Defendant attacks the judgment on two grounds: (1) The finding of willful misconduct was beyond the scope of the pleadings and (2) references by plaintiffs' counsel during trial to a judgment nondischargeable in bankruptcy constituted prejudicial misconduct.

The pertinent facts are as follows:

Plaintiff, a 19-year-old young man, suffered severe, permanent injuries as a result of an intersection automobile collision between a vehicle operated by him and one operated by defendant. The cause came to trial on a complaint alleging a cause of action based on negligence and a cause of action based on willful misconduct. No punitive damages were sought. The answer consisted of general denials and the defense of contributory negligence.

At the commencement of trial, the defense admitted negligence and proximate cause, withdrew the defense of contributory negligence, and offered to stipulate to the amount of damages. It then moved to strike the willful misconduct cause of action on the ground that admission of liability coupled with the lack of a prayer for punitive damages rendered the willful misconduct cause of action moot.[1] In opposing the motion to strike, plaintiffs' counsel argued that the willful misconduct cause of action was

---

[1] Plaintiff's motion to add a prayer for punitive damages was denied.

not moot because "a judgment with findings of facts related to wanton and willfull [*sic*] conduct or wreckless [*sic*] disregard for the property of others is the ultimate finding necessary in this case to preserve this judgment from being dischargeable in bankruptcy, . . ."

The judge initially took the motion to strike under advisement but on the second day of the three-day trial granted the motion. Before granting the motion, he stated that he would "specifically reserve the right to make whatever appropriate findings would be appropriate as to the degree of negligence or as to the characterization of defendant's conduct in this action consistent with the proof as put forth, and that within the pleadings." In making the order, he stated: "I do, in fact, reserve the right to make appropriate findings in the case as justified." Thereafter trial proceeded and testimony was received from various witnesses, including defendant, concerning the circumstances under which the accident occurred.

At the conclusion of trial and prior to submission, plaintiffs moved for a reconsideration of the order striking the willful misconduct cause of action. The judge stated he would consider the ruling anew "and may grant that at the time we render judgment."

In his memorandum of intended decision, the judge stated he intended to find defendant guilty of willful misconduct. In its formal findings, the court found, inter alia: The accident occurred about 9:30 p.m. at the intersection of Sixth Street and Benson Avenue at the boundary line between the Cities of Montclair and Ontario; plantiff was traveling south on Benson, a through street, at a speed of about 25 to 30 miles per hour; the posted speed limit on Benson was 35 miles per hour; defendant was going west on Sixth Street, stop signs were posted on Sixth Street at its entrance to the intersection with Benson; the posted speed limit on Sixth Street in the area was 25 miles per hour; defendant was traveling in excess of 60 miles per hour as he entered the intersection; the intersection was well lighted by at least two street lights; defendant saw the stop sign but failed to slow down appreciably before the collision; it had been raining and at the time of the collision, it was drizzling and the streets were wet and slick; defendant lived within a few blocks of the intersection, was familiar with the area, and knew that Benson was a through street; defendant had consumed two to three bottles of beer within an hour or an hour and a half before the accident. On these findings, the court determined that defendant was guilty of willful misconduct. It found special damages incurred and to be incurred to be $670,792 and assessed general damages at $1,000,000. Judgment was entered accordingly.

## I

■ Defendant's main attack upon the judgment is that the determination that he was guilty of willful misconduct was beyond the scope of the pleadings and therefore invalid. The contention is without substance.

Even though the order striking the willful misconduct count rendered a finding on that issue outside the scope of the pleadings, the issue was otherwise retained in the case and actually litigated on the merits. The propriety of the finding thus turns on the correctness of the court's ruling reserving the right to make a finding on the character of defendant's conduct according to proof. The validity of the reservation hinges on plaintiffs' right to have the issue of willful misconduct determined notwithstanding the admission of liability.

Defendant argues that plaintiffs had only one cause of action for the recovery of damages for the injuries sustained in the accident. On this premise, he contends that since liability was admitted and no punitive damages were sought, the willful misconduct count was properly stricken on the ground of mootness. We disagree.

■ While under the "primary right theory" plaintiffs had only one cause of action arising out of defendant's alleged tortious conduct (3 Witkin, Cal. Procedure (2d ed. 1971) § 22, p. 1707, and cases there cited), they were entitled to plead alternative theories of recovery under separate counts. (*Eichler Homes of San Mateo, Inc.* v. *Superior Court,* 55 Cal.2d 845, 847-848 [13 Cal.Rptr. 194, 361 P.2d 914].) Negligence is the failure to exercise ordinary care under the circumstances. "[W]illful misconduct implies the intentional doing of something either with knowledge, express or implied, that serious injury is a probable, as distinguished from a possible, result, or the intentional doing of an act with a wanton and reckless disregard of its consequences." (*Williams* v. *Carr,* 68 Cal.2d 579, 584 [68 Cal.Rptr. 305, 440 P.2d 505].) Willful misconduct is recognized as a tort separate and distinct from negligence. (*Williams* v. *Carr, supra,* 68 Cal.2d 579, 583; *Mercer-Fraser Co.* v. *Industrial Acc. Com.,* 40 Cal.2d 102, 120 [251 P.2d 955]; *Donnelly* v. *Southern Pacific Co.,* 18 Cal.2d 863, 869-870 [118 P.2d 465]; *Palazzi* v. *Air Cargo Terminals, Inc.,* 244 Cal.App.2d 190, 195 [52 Cal.Rptr. 817]; *Pelletti* v. *Membrila,* 234 Cal.App.2d 606, 610-611 [44 Cal.Rptr. 588]; *Lovett* v. *Hitchcock,* 192 Cal.App.2d 806, 813 [14 Cal.Rptr. 117].) Plaintiffs alleged, as they were entitled to do, a count based on negligence and a count based on willful misconduct.

*Mahoney* v. *Corralejo,* 36 Cal.App.3d 966 [112 Cal.Rptr. 61], cited

by defendant is inapposite. In *Mahoney*, plaintiff brought an action for damages for injuries sustained when he was struck by a motorcycle operated by defendant. Plaintiff alleged two causes of action, one for negligence and one purportedly for willful misconduct. At the close of the evidence, the trial court granted a nonsuit as to the second cause of action and submitted the case to the jury only on the negligence count. On appeal from the judgment on the jury verdict for defendant, plaintiff contended the trial court erred in refusing to instruct on willful or wanton misconduct. The reviewing court affirmed, holding: (1) That the second cause of action failed to allege the essential elements constituting the tort of willful misconduct and (2) there was no substantial evidence which would have supported a finding of willful misconduct. In the case at bench defendant neither attacks the adequacy of the willful misconduct count nor the sufficiency of the evidence to support the finding of willful misconduct.

Although no punitive damages were sought, plaintiffs had a right to a determination of the willful misconduct count. They had "a most important interest in having it determined whether or not this cause of action [willful misconduct] can be wiped out if the defendant attempts voluntary bankruptcy," and "[t]he right to such a determination is distinct and severable from the rights involved in the negligence cause of action." (*Shepardson v. McLellan*, 59 Cal.2d 83, 89-90 [27 Cal.Rptr. 884, 378 P.2d 108].) *Shepardson* was a wrongful death action arising out of an automobile collision. Plaintiff alleged a cause of action based on negligence and a cause of action based on willful misconduct. As in the case at bench, no punitive damages were sought. After both sides rested, defendant demurred to the willful misconduct count. The court sustained the demurrer without leave to amend and submitted the cause to the jury only on the negligence count. The jury returned a verdict for plaintiff. Without challenging the monetary portion of the judgment on the jury verdict, plaintiff appealed from the court's ruling removing the willful misconduct count from the case.[2] The Supreme Court reversed the order dismissing the willful misconduct count despite the fact that plaintiff would not be able to recover "one cent more damages on the willful misconduct cause of action than [plaintiff] has already recovered on the negligence cause of action." The court held that plaintiff was entitled to a determination of the willful mis-

---

[2]Although the appeal was taken from the order sustaining the demurrer without leave to amend (a nonappealable order), the court reached the merits of the appeal by amending the judgment to include an order dismissing the willful misconduct count and treating the appeal as a premature appeal from such order.

conduct count because a judgment based on that cause of action would not be dischargeable by voluntary bankruptcy.

Under the principle enunciated in *Shepardson,* the court below erred in striking the willful misconduct count. However, that action did not invalidate the finding of willful misconduct. The court rectified its error by specifically reserving the right to make an appropriate finding concerning the character of defendant's conduct consistent with proof. The record shows that following the court's ruling, the parties tried the case as though the nature of defendant's conduct was still in issue. Both parties introduced evidence, without objection, concerning the circumstances under which the accident occurred.

■ If a case is tried on the theory that a matter is in issue and evidence thereon is received without objection, a finding on that issue is not subject to attack on appeal on the ground it was outside the scope of the pleadings. (*Vaughn* v. *Jonas,* 31 Cal.2d 586, 605 [191 P.2d 432]; 4 Witkin, Cal. Procedure (2d ed. 1971) p. 3138.) Plaintiffs urge that since the issue of willful misconduct was litigated without objection, defendant may not avoid the consequences on appeal by claiming that the issue was beyond the scope of the pleadings.

Defendant argues that his failure to object to the introduction of evidence on the liability issue should not preclude him from challenging the validity of the finding of willful misconduct because (1) the right to raise the issue on appeal was preserved by his motion to strike the willful misconduct count and (2) in the light of the court's ruling specifically reserving the right to make findings on the character of defendant's conduct in conformity with the proof, an objection to the introduction of evidence on the liability issue would have been futile.

In the circumstances of the present case, defendant should not be estopped from attacking the validity of the finding of willful misconduct on the ground it was beyond the scope of the pleadings. The attack, however, must fail.

"A variance between the allegations of a pleading and the proof will not be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits, and a variance may be disregarded where the action has been as fully and fairly tried on the merits as though the variance had not existed." (*Hayes* v. *Richfield Oil Corp.,* 38 Cal.2d 375, 382 [240 P.2d 580]; *Chelini* v. *Nieri,* 32 Cal.2d 480, 486 [196 P.2d 915]; Code Civ. Proc., § 469. Cf. *Stearns*

v. *Fair Employment Practice Com.,* 6 Cal.3d 205, 213 [98 Cal.Rptr. 467, 490 P.2d 1155].) *Hayes* was a personal injury action arising out of a slip and fall sustained on the premises of a gasoline service station. Plaintiff's complaint was framed on the theory that the operator of the station and Richfield Oil Corp. were in joint control of the premises but failed to allege the existence of a landlord-tenant relationship between them. In the course of the trial, evidence revealed the existence of that relationship. In denying Richfield's motion for a nonsuit, the trial court ruled that the case involved the question of Richfield's liability as lessor of property to be used for a public purpose. Following an adverse judgment, Richfield appealed urging as a ground for reversal that there was a fatal variance between the pleadings and proof. In rejecting the contention, the court stated: "In view of the trial court's statements and rulings that the case involved the law relating to a lessor's duty under a lease contemplating admission of the public, Richfield is in no position to claim that it was misled by plaintiffs' failure to amend their complaint. If anything, Richfield's continued insistence that the issue was not presented by the pleadings indicates that it was fully aware that the court's rulings would permit recovery under that theory. It does not appear that Richfield has been in any way prejudiced by the variance, and it may therefore be disregarded." (*Hayes* v. *Richfield Oil Corp., supra,* 38 Cal.2d 375, 382.)

Here, as in *Hayes,* in view of the trial court's rulings and statements that it was specifically reserving the right to make a finding on the character of defendant's conduct consistent with proof, defendant could not have been misled into believing that the willful misconduct issue was no longer in the case. As we have noted, plaintiffs were entitled to have that issue determined; the issue was properly preserved by the rulings and statements of the court; all parties were forewarned of the continued existence of that issue; and the issue was fully litigated. Defendant was not misled. The finding of willful misconduct was proper and valid.

*Fuentes* v. *Tucker,* 31 Cal.2d 1 [187 P.2d 752], cited by defendant, is not controlling. *Fuentes* merely involved the application of the proposition that where an issue is removed from a case by an admission, it is error to receive evidence which is material solely to the admitted matter, or, as expressed in *Albrecht* v. *Broughton,* 6 Cal.App.3d 173, at page 178 [85 Cal.Rptr. 659], an admission of liability "precludes the introduction of evidence of liability *unless it is relevant to some distinct issue remaining in the case.*" (Italics added.) While defendant in the case at bench admitted liability, the issue of willful misconduct was a distinct issue remaining in the case.

## II

■ The contention that plaintiffs' counsel was guilty of prejudicial misconduct in telling the court that plaintiffs were seeking a judgment nondischargeable in bankruptcy is without merit. The importance to plaintiffs of a determination on the issue of willful misconduct was obvious to all concerned. Moreover, the remarks were made in response to the motion to strike the willful misconduct count and plaintiffs' counsel was simply repeating the *Shepardson* rationale for the proposition that the right to a determination whether a defendant is guilty of willful misconduct is distinct and severable from the rights involved in a negligence cause of action. Furthermore, this being a nonjury trial, there is no reasonable probability that a different result would have been reached had the comments not been made. Evidence of willful misconduct was overwhelming. Proceeding through a stop sign at an excessive rate of speed in the circumstances of the instant case was clearly willful misconduct. (*Goncalves* v. *Los Banos Mining Co.,* 58 Cal.2d 916, 918 [26 Cal.Rptr. 769, 376 P.2d 833].)

Judgment is affirmed.

Kerrigan, Acting P. J., concurred.