[Civ. No. 40844. First Dist., Div. Three. June 7, 1978.]

JACKLYN LEE PAULA et al., Plaintiffs and Appellants, v.
PAUL GAGNON et al., Defendants and Respondents.

**COUNSEL**

DeMeo & DeMeo and John F. DeMeo for Plaintiffs and Appellants.

Hauerken, St. Clair, Zappettini & Hines, Edward J. McFetridge, Bryan A. Marmesh, Pettit, Evers & Martin, Joseph W. Rogers, Jr., Lemoine Skinner III, Linda E. Stanley, Trembath & McCabe, and Bryce C. Anderson for Defendants and Respondents.

**OPINION**

SCOTT, Acting P. J.—Plaintiff and appellant Jacklyn Lee Paula, individually and as guardian ad litem for her three minor children, appeals from an entry of summary judgment and judgment of dismissal in favor of respondents, the owners of three different taverns. In support of appellants' complaint for wrongful death, the following facts are alleged: On the evening of April 3 and the early morning of April 4, 1975, James Edwin Paula, age 27, visited the taverns of respondents. Each of the taverns served him alcoholic drinks, even though he was obviously intoxicated. Because of his condition, Mr. Paula was unable to safely drive his automobile, and while driving home he sustained fatal injuries in a single car automobile accident. Tests for alcohol performed on a

blood sample from decedent's body disclosed that his blood alcohol was .19 percent.[1]

We are presented with the question of whether appellants' allegations present triable issues of fact so as to preclude summary judgment. (Code Civ. Proc., § 437c.) Appellants contend that commercial sellers of alcohol, by serving obviously intoxicated customers, are responsible to those customers or their heirs for injuries caused by the intoxication. Respondents contend that such recoveries are precluded as a matter of law. For the reasons and with the qualifications set forth below, we agree with appellants and reverse the trial court's entry of summary judgment and judgment of dismissal.

Prior to 1971, California courts refused to hold sellers of intoxicating liquors civilly liable for serving alcoholic drinks to intoxicated customers.[2] (*Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137].) These decisions were based on the proposition that the consumption of alcohol, and not the serving of alcohol, was the proximate cause of any resulting injuries. (*Cole* v. *Rush, supra,* at p. 349; *Hitson* v. *Dwyer* (1943) 61 Cal.App.2d 803, 808 [143 P.2d 952].)

In *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], the Supreme Court rejected this reasoning and held that the furnishing of an alcoholic beverage to an intoxicated person may be a proximate cause of injuries inflicted by that person upon third parties. Since the consumption and resulting intoxication are clearly foreseeable consequences of serving the drinks, the bartender's acts are "a substantial factor in causing an injury," and the bartender is not relieved of liability solely because of the customer's voluntary act of drinking the alcohol. (*Vesely* v. *Sager, supra,* at pp. 163-164.) The ruling in *Vesely* has recently been extended to include suits by the customer's heirs against the bartender, thus making a bartender liable for foreseeable injuries resulting from his lack of due care regardless of whether a third party or

---

[1] Vehicle Code section 23126 provides in part: "(3) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor at the time of the alleged offense."

[2] A bartender was still criminally liable under Business and Professions Code section 25602, which provides: "Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor."

the customer himself brings suit.[3] (See *Ewing* v. *Cloverleaf Bowl* (1978) 20 Cal.3d 389, 400 [143 Cal.Rptr. 13, 572 P.2d 1155].)

■ We adhere to the holdings of *Vesely* and *Ewing*, and conclude that neither a customer nor his heirs are prevented from recovering damages from a bartender on the ground that the serving of the alcohol was not the proximate cause of the injuries.

■ Respondents contend that even if proximate cause is established, appellants are nevertheless barred from recovery because the decedent was guilty of willful misconduct as a matter of law in driving while intoxicated. In *Kindt* v. *Kauffman* (1976) 57 Cal.App.3d 845 [129 Cal.Rptr. 603], cited by respondents, the court held that a customer is guilty of willful misconduct in imbibing to the point of intoxication (at p. 855). This conclusion was expressly disapproved in *Ewing*. In *Ewing*, an experienced bartender served 10 shots of 151 proof rum to a 21-year-old customer who subsequently died of alcohol poisoning. The court in reviewing a nonsuit examined the evidence in a light favorable to the plaintiff; it refused to conclude that the evidence revealed recklessness on his part, pointing out: "Even with respect to the usual consequences of intoxication, the question of the patron's willful misconduct would be a question of fact, and thus ordinarily a matter for the jury. For example, a patron may be able to show that, although he intended to become intoxicated, he took steps to insure that his intoxicated conduct would not endanger himself or others. Were a patron to make such a showing, a jury might conclude that, although the patron did not exercise due care in becoming intoxicated, the patron nonetheless did not commit willful misconduct." (*Ewing* v. *Cloverleaf Bowl, supra,* 20 Cal.3d at p. 404, fn. 10.)

*Ewing* did not decide whether a customer who *drives* while intoxicated, as opposed to merely consuming alcohol to the point of intoxication, is guilty of willful misconduct. However, in *Fuller* v. *Chambers* (1959) 169 Cal.App.2d 602, 605 [337 P.2d 848], the court stated that the imbibing of alcohol and then driving is "one of a number of factors proper for the jury to consider and weigh" in determining if there was willful misconduct on the part of the driver. (See also *Kindt* v. *Kauffman, supra,* 57 Cal.App.3d at p. 866 (dis. opn. of Friedman, Acting P. J.).) We see no purpose in departing from the reasoning of *Ewing* that questions of willful misconduct in cases involving intoxication are for the jury to

[3]The principles of *Vesely* have very recently been further expanded to impose liability on the noncommercial supplier of alcoholic beverages. (See *Coulter* v. *Superior Court* (1978) 21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669].)

decide. Our conclusion is supported by the rule that motions for summary judgment are to be narrowly construed against the moving party. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 199, pp. 2844-2845.)

Because we have concluded that in the present procedural situation the complaint does not reveal willful misconduct as a matter of law, we need not decide whether such a showing would bar recovery by appellants.

Respondents also contend that the doctrine of assumption of risk precludes recovery by appellants. Respondents argue that a customer who continues to request and consume drinks to the point of intoxication releases the bartender from his duty to discontinue service under Business and Professions Code section 25602.

In *Li* v. *Yellow Cab Co.,* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], the Supreme Court ruled that the "all-or-nothing" approach of contributory negligence must give way to a system of comparative negligence. The court stated that the all-or-nothing approach is inequitable in its operation, and notions of fairness require a system that assesses liability in proportion to fault (at pp. 810-813). In this context the court in *Li* analyzed the viability of the assumption of risk doctrine. In those situations in which a plaintiff acts unreasonably in encountering a specific risk, the claim of assumption of risk is merged into the system of assessing liability according to fault. Only where the plaintiff's conduct amounts to a release of the defendant's obligation of reasonable conduct does the assumption of risk doctrine survive. (13 Cal.3d at pp. 824-825.)

In the present case, the decedent, allegedly having become intoxicated, was faced with the choice of either driving home or seeking assistance. By choosing to drive home, he acted unreasonably in the face of a known risk. This conduct falls squarely within the area that *Li* merged into the system of comparative negligence. (Cf. *Gonzalez* v. *Garcia* (1977) 75 Cal.App.3d 874, 881 [142 Cal.Rptr. 503].) The principles of *Li* dictate that assumption of risk apply only in the clearest instances of release of duty. A customer's conduct in requesting and consuming drinks from a bartender beyond the point of intoxication does not meet this standard.

Our conclusion in this case does not, as respondents contend, promote drunkenness or otherwise conflict with public policy. We are not encouraging a customer to deliberately or recklessly become intoxicated

and injure himself in the hope of recovering from his bartender, since willful misconduct on the part of the customer bars recovery. Nor does our decision allow a plaintiff to benefit from his wrongful conduct. To the extent that he is negligent in consuming too much alcohol, he is liable for his actions under the rules·of comparative negligence.

The strong interests of public safety require a bartender to bear some responsibility for customers who become intoxicated in his establishment. This is consistent with the intent of Business and Professions Code section 25602, where the Legislature has expressed disfavor with the bartender and others who continue serving drinks to an obviously intoxicated person. Intoxication impairs a customer's judgment as to his own degree of intoxication and his ability to drive. A bartender, to some extent, is in a position to arrest the consumption before it endangers the customer and the general public.

Liability cannot, of course, result from serving alcohol to a patron who is not *obviously intoxicated,* even though it develops that the patron was under the influence of intoxicating liquor within the meaning of Vehicle Code section 23102.[4] Here the decedent had a .19 percent blood alcohol level, which presumptively put him under the influence of intoxicating liquor. (Veh. Code, § 23126.) However, he may well not have been obviously intoxicated. (See *Ewing* v. *Cloverleaf Bowl, supra,* 20 Cal.3d at p. 398.) The use of alcohol and its effect required to place a person in violation of Vehicle Code section 23102, that is, *under the influence of intoxicating liquor,* is substantially less than that required to be *obviously intoxicated* pursuant to Business and Professions Code section 25602. Although the obviously intoxicated person is necessarily under the influence of intoxicating liquor, the reverse is not necessarily true.

If a bartender serves a customer until the point where he becomes obviously intoxicated, then stops serving the customer and such person thereafter is injured in an accident proximately caused by his intoxication, the bartender is *not* liable. To attach liability under such circumstances would place an unreasonable duty on the bartender. His duty is discharged by not serving an obviously intoxicated patron. (See *Vesely* v. *Sager, supra,* 5 Cal.3d 153; *Coulter* v. *Superior Court, supra,* 21 Cal.3d 144.)

---

[4]Vehicle Code section 23102 provides in part: "(a) It is unlawful for any person who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle upon any highway."

It is also evident that for the bartender to be liable, it is also necessary that he know or should know that the customer is going to drive a motor vehicle on a public highway. (*Coulter* v. *Superior Court,* at pp. 152-153.)

Judgment is reversed.

Feinberg, J., and Anello, J.,* concurred.

A petition for a rehearing was denied July 7, 1978, and the opinion was modified to read as printed above.

---

*Assigned by the Chairperson of the Judicial Council.