Edward H. GONZALES, Individually, and Mark E. Gonzales and Karen A. Gonzales, minors, by Edward H. Gonzales, their next friend, Plaintiffs-Appellants,

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 76–2130.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1979.

Jeffrey A. Matz (argued), Los Angeles, Cal., for plaintiffs-appellants.

David E. Monahan (argued), of Gray, Cary, Ames & Frye, San Diego, Cal., for defendant-appellee.

Before MERRILL and HUG, Circuit Judges, and BOHANON *, Senior District Judge.

HUG, Circuit Judge:

The appellant, Edward Gonzales, individually, and as guardian ad litem for his two minor children, appellants Mark and Karen Gonzales, brought this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and Chapter 171 of Title 28, U.S.C., against the appellee, the United States, for the death of his wife and their mother, Nancy Gonzales, and for personal injuries to his daughter, Karen Gonzales. Nancy Gonzales's death and her daughter Karen's injuries resulted when their car was struck by a car driven by Francis Sheehan, a Navy enlisted man, who was driving home after drinking beer at a bar located on, and operated by, a naval air station. The case was tried to the court and judgment was entered for the defendant. We affirm.

* Hon. Luther L. Bohanon, Senior U. S. District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

## FACTS

The United States, through the Department of the Navy, operates and maintains a naval establishment in San Diego County, California, known as Naval Air Station Miramar. The Satellite Club, commonly known as the Acey Ducey Club, is a service club operated and maintained as a non-appropriated fund activity of the air station. The club engages in the sale of food and intoxicating liquors, under regulations promulgated by the Department of Navy and the commanding officer of Naval Air Station Miramar.

On July 8, 1971, between approximately 4:45 and 5:15 P.M., Francis Sheehan, an Aviation Electronics Technician, First Class, arrived at the club after work, together with fellow workers, Martin Belinc, Jr. and Glen Michaelis. Sheehan did not consume any alcoholic beverages prior to his arrival at the club. During the period of time that Sheehan spent at the club, three 32-ounce pitchers of beer were consumed among the three co-workers.

Between 6:30 and 6:50 P.M., Michaelis left the club with Sheehan and saw Sheehan drive away in his car. Driving time for the 26.5 miles from the club to Sheehan's home during non-rush hours is 40–45 minutes. At 8:50 P.M., on Highway 67 in San Diego County, at a location approximately 20 miles from the club and approximately six and one-half miles southwest of Sheehan's home, Sheehan's car, traveling southbound in the northbound lane of the highway, collided head-on with a car driven by Nancy Gonzales. As a result of the collision, Nancy Gonzales was killed, and her daughter, Karen, sustained personal injuries. Sheehan, who had suffered personal injuries, had a blood-alcohol reading of 0.183 at approximately 11:00 P.M. that night.

## THEORIES OF NEGLIGENCE

The appellants argue that the district judge erred in finding that the service of beer to Sheehan was not negligent, precluding recovery for the death of Mrs. Gonzales and for the personal injuries sustained by her daughter, Karen. Two negligence theories were advanced by the appellants: (1) negligence per se, based upon violation of the California dram shop statute; and (2) common law negligence in serving beer to Sheehan.

Under the Tort Claims Act, the United States may be held liable for the negligent conduct of its employees under similar circumstances in which a private person might be held liable, "in accordance with the law of the place where the act or omission occurred". 28 U.S.C. § 1346(b). Accordingly, in the present case, the law of California governs the issue of liability. *Epling v. United States*, 453 F.2d 327 (9th Cir. 1971).

For many years, the California courts declined to hold the sellers of intoxicating liquors civilly liable for serving obviously intoxicated persons who subsequently harmed third persons. *Cole v. Rush*, 45 Cal.2d 345, 289 P.2d 450 (1955). Civil liability based upon a violation of California's criminal dram shop act was first announced in the case of *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971). In *Vesely*, the injured motorist brought a negligence action against a tavern owner for injuries sustained when the motorist's vehicle was struck by an automobile driven by an intoxicated tavern patron. The Supreme Court of California questioned the long-standing rule against allowing recovery in such a situation and held:

"[C]ivil liability results when a vendor furnishes alcoholic beverages to a customer in violation of Business and Professions Code § 25602 and each of the conditions set forth in Evidence Code § 669, subsection (a) is established."

Id., 95 Cal.Rptr. at 625, 486 P.2d at 153. Section 25602, as it existed at the time of the accident, provided:

"§ 25602. Sales to drunkard or intoxicated person. Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any habitual or common drunk-

ard or to any obviously intoxicated person is guilty of a misdemeanor." [1]

Evidence Code § 669(a) provided:

"The failure of a person to exercise due care is presumed if: (1) He violated a statute, ordinance, or regulation of a public entity; (2) The violation proximately caused death or injury to person or property; (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted."

■ A reading of § 25602 clearly indicates, as the district judge correctly held, that in order for there to be a violation of the statute so that civil negligence liability may result, service of alcoholic beverage must be made to an habitual or common drunkard or to a person who is obviously intoxicated. The appellants rely on the "obviously intoxicated" section of the statute.

The clear import of decisions since *Vesely* is that an ordinary common law negligence cause of action also requires a showing that service was made to an obviously intoxicated person.

Shortly after the district judge made his ruling in this action, the Supreme Court of California decided the case of *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal.Rptr. 215, 546 P.2d 719 (1976). In *Bernhard*, a California resident brought a negligence ac-

tion for personal injuries against Harrah's, alleging that its providing intoxicating beverages to patrons was the proximate cause of his injuries. Since the consumption took place in Nevada, the California statute could not furnish a basis for civil liability. The court held, however, that the inapplicability of § 25602 did not preclude recovery for negligence apart from the statute. In doing so, it stated:

"Although we chose to impose liability on the *Vesely* defendant on the basis of his violating the applicable statute, the clear impact of our decision was that there was no bar to civil liability under modern negligence law."

*Id.*, 128 Cal.Rptr. at 222, 546 P.2d at 726.

The court in *Bernhard* did not state a specific standard for determining when a particular defendant's actions would be negligent on a common law theory. The rationale for common law negligence in these circumstances, however, was further clarified in *Coulter v. Superior Court of San Mateo County*, 21 Cal.3d 144, 145 Cal.Rptr. 534, 577 P.2d 669 (1978), where the court states:

"It has long been a fundamental principle of California law that a person is liable for the foreseeable injuries caused by his failure to exercise reasonable care . . . The existence of a duty is primarily a question of law, and dependent upon a variety of relevant factors, of which 'foreseeability of the risk is a primary consideration. . . . .' We think it evident that the service of alcoholic beverages to an obviously intoxicated person by

---

1. Section 25602 has subsequently been amended to preclude civil liability based on its violation. It now reads:

"25602. (a) Every person who sells, furnishes, gives, or causes to be sold, furnished or given away, any alcoholic beverage to any habitual or common drunkard or to any obviously intoxicated person is guilty of a misdemeanor.

(b) No person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage pursuant to subdivision (a) of this section shall be civilly liable to any injured person or the estate of such person for injuries inflicted on that person as a result of intoxication by the consumer of such alcoholic beverage.

(c) The Legislature hereby declares that this section shall be interpreted so that the holdings in cases such as *Vesely v. Sager* (5 Cal.Rptr. 153 [95 Cal.Rptr. 623, 486 P.2d 151]), *Bernhard v. Harrah's Club* (16 Cal.3d 313 [128 Cal.Rptr. 215, 546 P.2d 719]) and *Coulter v. Superior Court* (21 Cal.3d 144 [145 Cal.Rptr. 534, 577 P.2d 669]) be abrogated in favor of prior judicial interpretation finding the consumption of alcoholic beverages rather than the serving of alcoholic beverages as the proximate cause of injuries inflicted upon another by an intoxicated person."

one who knows that such intoxicated person intends to drive a motor vehicle creates a *reasonably foreseeable* risk of injury to those on the highway. Simply put, one who serves alcoholic beverages under such circumstances fails to exercise reasonable care." (Citations omitted).

*Id.,* 145 Cal.Rptr. at 539, 577 P.2d at 674. The later case of *Paula v. Gagnon,* 81 Cal. App.3d 680, 146 Cal.Rptr. 702 (1978) specifically held that liability was limited to the situation where the patron was obviously intoxicated. We conclude, therefore, that both negligence theories of recovery advanced by the appellants require a showing of service to an obviously intoxicated person, under California law as it existed at the time of the accident.

■ The district judge, upon considering all of the evidence, found that Sheehan was not obviously intoxicated when he was served at the club. Unless this finding is clearly erroneous, it must stand. Fed.R. Civ.P. 52(a). The reasons given by the court in support of the ruling are as follows: (1) Michaelis's testimony that Sheehan was not intoxicated when he drove away from the club; (2) the possibility that Sheehan could have gone to another bar on his way home after leaving the club; (3) the absence of any testimony by anyone at the club that Sheehan showed any objective manifestations of being obviously intoxicated; (4) that there was a possibility that no single employee at the club served Sheehan; (5) that the club was run according to military regulations and had more control over its clientele than a civilian bar has over its patrons; and (6) medical testimony that symptoms of obvious intoxication would not necessarily be obvious to any or all persons at a 0.200 blood-alcohol level. Upon reviewing these factors, we conclude that the finding of the trial judge is well supported by the evidence and is not clearly erroneous.

## RESPONDEAT SUPERIOR THEORY OF RELIEF

The appellants argue that the judge abused his discretion in not allowing an amendment to pleadings and consideration of a claim, based on the doctrine of respondeat superior, that Sheehan remained in the course and scope of his employment while drinking and up to and including the time of the accident. This was an entirely different theory of liability, which was first advanced in the closing hours of the trial. The trial began on January 6, 1976. Testimony was taken on January 6, 7, 8 and 13, 1976. Final arguments were heard on January 13, 1976. It was not until the morning of January 13, 1976, that the appellants raised the respondeat superior claim. This claim was not specifically alleged in any of the appellants' pleadings, the pretrial order or their opening statement. On January 14, 1976, the appellee filed a memorandum of points and authorities objecting to appellants' late amendment.

■ The trial court indicated that the theory of liability had come too late, was not contemplated in the pretrial order, and would result in prejudice to the defendant. The court further indicated that there was insufficient evidence to support the theory and that the case upon which the plaintiffs relied to establish the theory, *McCarty v. Workmen's Compensation Appeals Board,* 12 Cal.3d 677, 117 Cal.Rptr. 65, 527 P.2d 617 (1976) was inapplicable. The trial court was correct in all respects. The appellants contend that Rule 15(b) of the Federal Rules of Civil Procedure requires the trial judge to permit amendment of the pleadings so as to consider the issue. However, this court has held:

"It is well settled that the amendment of pleadings to conform to proof under Rule 15(b) of the Federal Rules of Civil Procedure rests in the sound discretion of the trial court. *Sackett v. Beaman,* 399 F.2d 884 (9th Cir. 1968); *Caddy-Imler Creations, Inc. v. Caddy,* 299 F.2d 79 (9th Cir. 1962). The purpose of Rule 15(b) is to align the pleadings to conform to the issues actually tried. The rule does not permit amendments to include issues which may be inferentially suggested by incidental evidence in the record. *Monod v. Futura, Inc.,* 415 F.2d 1170 (10th Cir. 1969)."

*Cole v. Layrite Products Co.*, 439 F.2d 958, 961 (9th Cir. 1971). The issue of respondeat superior was not an issue tried by the express or implied consent of the parties, but was rather an issue only "inferentially suggested by incidental evidence in the record". To have allowed the amendment at that stage would have resulted in serious prejudice to the defendant. There was no abuse of discretion in denying the amendment.

■ Furthermore, as the trial judge indicated, the evidence could not, in any event, have justified finding that Sheehan was acting within the course and scope of his employment at the time of the accident, and the *McCarty* case relied upon by the appellants was, indeed, inapplicable.

The judgment is affirmed.