[Civ. No. 42778. First Dist., Div. Four. Jan. 22, 1979.]

PATRICIA JUNE SISSLE et al., Plaintiffs and Appellants, v.
HENRY STEFENONI et al., Defendants and Respondents.

634

**COUNSEL**

W. Barton Weitzenberg and Anderson, McDonald, Belden & Kelly for Plaintiffs and Appellants.

Bennett, Van de Poel, Campbell & Strickland, Herbert M. Rowland, Jr., and Thomas A. Campbell for Defendants and Respondents.

## OPINION

**CHRISTIAN, J.—** ■ This appeal presents the question whether the survivors of a person who died in an automobile accident, caused by decedent's own drunken driving and his consequent violation of a traffic law, can take an award of damages from the proprietor of a bar where the decedent was served drinks, while he was obviously intoxicated, just before the accident.

Patricia June Sissle and others appeal from a judgment dismissing their action against Henry Stefenoni, the proprietor of a bar known as "Joe's Place." Appellants sought damages on allegations that respondents or their agents sold alcoholic beverages to decedent Clarence Edwards, though he was obviously intoxicated and it was known that the decedent would, upon leaving the premises, drive an automobile on a public highway. The court sustained a general demurrer to the complaint and rendered judgment of dismissal. The present appeal followed.

■ ■■■ ■ A commercial vendor of alcoholic beverages may be held liable for injuries proximately caused by the sale of liquor to an obviously intoxicated customer. (*Ewing* v. *Cloverleaf Bowl* (1978) 20 Cal.3d 389 [143 Cal.Rptr. 13, 572 P.2d 1155]; *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151].)[1] The bartender's duty of care is owed both to third parties who foreseeably may be injured by the intoxicated patron and to the obviously intoxicated customer himself. Damages may not be recovered from the vendor, however, where the patron is guilty of willful misconduct. (*Kindt* v. *Kauffman* (1976) 57 Cal.App.3d 845 [129 Cal.Rptr. 603], dis. on other grds. in *Ewing* v. *Cloverleaf Bowl,* 20 Cal.3d 389, 401, fn. 8, 404, fn. 10 [143 Cal.Rptr. 13, 572 P.2d 1155].) ■ " '[W]illful misconduct implies the intentional doing of something either with knowledge, express or implied, that serious injury is a probable, as distinguished from a possible, result, or the intentional doing of an act with a wanton and reckless disregard of its consequences.' (*Williams* v. *Carr* (1968) 68 Cal.2d 579, 584 [68 Cal.Rptr. 305, 440 P.2d 505].) 'If conduct is sufficiently lacking in consideration for

[1]The rule of these cases has been abrogated by statute. (See Bus. & Prof. Code, § 25602; Stats. 1978, ch. 929.) The enactment operates prospectively from its effective date of January 1, 1979; it has no application to the present action.

the rights of others, reckless, heedless to an extreme, and indifferent to the consequences it may impose, then, regardless of the actual state of the mind of the actor and his actual concern for the rights of others, we call it willful misconduct. . . .' (*Pelletti* v. *Membrila* (1965) 234 Cal.App.2d 606, 611 [44 Cal.Rptr. 588]; see also *Donnelly* v. *Southern Pacific Co.* (1941) 18 Cal.2d 863, 869-870 [118 P.2d 465]; *Morgan* v. *Southern Pacific Trans. Co.* (1974) 37 Cal.App.3d 1006, 1011-1012 [112 Cal.Rptr. 695]; Rest.2d Torts, § 500.)" (*Ewing* v. *Cloverleaf Bowl, supra,* 20 Cal.3d 389, 402.)

In *Ewing* v. *Cloverleaf Bowl, supra,* 20 Cal.3d 389, 404, fn. 10, the court (disapproving *Kindt* v. *Kauffman, supra,* 57 Cal.App.3d 845) held that a patron, as a matter of law, does not *necessarily* commit willful misconduct in consuming liquor to the point of becoming intoxicated. Whether such conduct constitutes willful misconduct was held to be a question of fact for the jury. In *Ewing,* however, the decedent's death was caused directly by alcohol poisoning.

By contrast, in the present case, appellants alleged that decedent, in an intoxicated state, entered his automobile and sought to drive the vehicle "east-bound in the west-bound lane" of a state highway. Thus appellants' own complaint alleged that decedent had violated Vehicle Code sections 23102, subdivision (a) (drunken driving), and 21650 (right side of highway), statutes which exist for the purpose of protecting public safety. These actions were necessarily in disregard of the rights and safety of others. Decedent was guilty of willful misconduct barring the present action. We recognize that in *Paula* v. *Gagnon* (1978) 81 Cal.App.3d 680 [146 Cal.Rptr. 702], another division of this court has held that whether one who drives while intoxicated is guilty of willful misconduct is a question of fact for a jury and cannot be resolved as a matter of law. We question that holding; it appears that *Paula* v. *Gagnon* may have been based on too broad a construction of the holding in *Ewing.* Even if the *Paula* holding is correct, it is to be distinguished; here, the complaint itself showed willful misconduct, not in the consumption of alcohol but in the intentional act of driving an automobile while intoxicated and driving in an opposite lane of traffic in violation of statutes which were enacted for the purpose of protecting public safety.

The judgment is affirmed.

Caldecott, P. J., and Cook, J.,* concurred.

A petition for a rehearing was denied February 14, 1979, and appellants' petition for a hearing by the Supreme Court was denied March 22, 1979.

*Assigned by the Chairperson of the Judicial Council.