[Civ. No. 1257. Fifth Dist. Dec. 15, 1970.]

CALVIN LYNN MILLER, a Minor, etc., Plaintiff and Respondent, v. FRANK CABRAL et al., Defendants and Appellants.

## COUNSEL

R. W. Levy for Defendants and Appellants.

Kane & Canelo for Plaintiff and Respondent.

## OPINION

**STONE, P. J.**—This appeal is from a judgment entered pursuant to a jury verdict in favor of plaintiff minor in the sum of $20,000. The jury also answered "no" to defendants' special interrogatory whether the minor was an employee at the time of the accident.

Seven-year-old Calvin Miller, the plaintiff, lived with his parents and three brothers and sisters on a dairy ranch owned by defendants at the time the accident occurred. His father, Robert Miller, had been employed by Frank Cabral the preceding April as a general farm laborer for a monthly salary, the rent-free use of a house on the ranch, and free milk for his family's use. On August 14, 1966, the father was driving a tractor, hauling a feed wagon parallel to a 250-foot-long feeding manger, spreading hay in the manger from an opening on the left side of the feeder. Calvin was walking in the manger approximately three feet from the ground, alongside the hay feeder, watching the operation. The feeder ceased ejecting hay, and Mr. Miller asked Calvin to look in the expulsion vent to see if it was empty. In attempting to do so, Calvin lost his balance, grabbed an unguarded sprocket and chain which was in motion on the feeder, and sustained serious injury to his left hand.

Plaintiff, by his mother as guardian ad litem, filed an action for damages against the Cabrals. The complaint was framed in two causes of action, one alleging that Calvin was an invitee and that he was injured through the negligence of the Cabrals in maintaining an unguarded piece of equipment. The second cause of action alleged that Calvin was an employee of the Cabrals and that they failed to provide workmen's compensation insurance coverage. As it developed, the Cabrals were covered by two policies of insurance, a comprehensive liability policy with Cal-Farm Insurance Company and a workmen's compensation policy issued by State Compensation Insurance Fund. In the face of the workmen's compensation policy, plaintiff could not recover in a superior court action on the cause of action alleging employment and lack of insurance, and therefore dismissed that cause of action without prejudice. However, after the dismissal, the attorney furnished by Cal-Farm to defend the Cabrals under their comprehensive liability policy asked for and obtained an amendment to the pretrial order raising the issue whether Calvin was an employee of the Cabrals. Accordingly the issue of employment was litigated, as well as the negligence issue, and defendants submitted to the jury the following interrogatory: "At the time of the accident in question, was the plaintiff minor, Calvin Miller, an employee of the defendants, Frank Cabral and Marie Cabral?" The jury's answer was "No."

Defendants' position on appeal is basically that the evidence is insufficient to support the jury's finding on the special interrogatory that the minor was not an employee. They rely upon Labor Code section 3357, which provides: "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee."

This section, argue defendants, created a presumption within the ambit of Evidence Code section 605 which shifted the burden of proof of non-employment to plaintiff.

Whether Labor Code section 3357 shifted the burden of proving nonemployment to plaintiff is immaterial in view of the record; the evidence supporting the jury's finding that the 7-year-old boy was not an employee is overwhelming. We do not detail the evidence, however, for the appeal must be dismissed as moot.

While the appeal was pending, defendants paid the judgment in full but, as they point out, this does not necessarily terminate their right to appeal. Code of Civil Procedure section 1049 reads: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

However, in *Reitano v. Yankwich,* 38 Cal.2d 1 [237 P.2d 6], the court said that the language, "unless the judgment is sooner satisfied," should not be given a literal interpretation. In so holding, the Supreme Court approved the following rule in *Estate of Merrill,* 29 Cal.2d 520, at page 524 [175 P.2d 819]: "In the case of voluntary satisfaction of a judgment, deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or was an agreement not to take or prosecute an appeal."

Defendants deny they waived their right to appeal by satisfying the judgment as there was no compromise or agreement not to take or prosecute an appeal. We do not view *Merrill* as stating an inflexible decisional rule, particularly where a statute furnishes ground for an exception. Cal-Farm and its attorney, who paid the judgment on behalf of the Cabrals, were well aware that plaintiff was a minor, 8 years of age at the time the judgment was entered, and that since he was a minor judgment had to be entered in accordance with the provisions of Probate Code section 1510. In pertinent part, that section provides: "Upon approval of a compromise of, or the execution of a covenant not to sue on, a minor's disputed claim, or approval of a compromise of a pending action or proceeding to which a minor . . . is a party, *or giving judgment for such a person,* providing for the payment or delivery of money or other property, *the court* making the order or *giving judgment, and as a part thereof, shall make a further order authorizing and directing* a parent of the minor or guardian of the minor, . . . or *the payer of any money to be paid for the benefit of such person,* to pay, from the money or other property to be paid or delivered, such reasonable expenses (medical or otherwise and including reimbursement to a parent or guardian), costs and attorney's fees as the court shall approve and allow therein. The remaining balance of such money or other property shall be paid, delivered or deposited as hereinabove provided." (Italics added.)

Pursuant to section 1510, the trial court ordered the guardian ad litem to make reimbursement of travel and other expenses, to pay past-due medical expenses, and pay plaintiff's attorney's fees and costs. The balance of $11,249.79 was ordered placed in an account in the name of the mother as trustee for the minor, to be withdrawn only upon order of court.

Cal-Farm and its counsel knew that the judgment in favor of the minor could not be satisfied other than by complying with the terms of the judgment. (Prob. Code, § 1510.) Thus, when they satisfied the judgment they did so with full knowledge that $9,750.21 would be disbursed in compliance with the order of the court. They also knew that the minor, who was approximately 8 years old at the time of satisfaction of judgment, was the

son of a farm laborer and that his mother, as guardian ad litem, was the wife of a farm laborer, and that they would be unable to restore the $9,750.21 the court ordered paid under the judgment. Cal-Farm, by satisfying the judgment and then going forward with the appeal, rather than posting an appeal bond, made it impossible, as a practical matter, to restore the respective parties to their status before judgment.

Where, as here, the judgment can be satisfied only by payment of part of the minor's judgment money to third parties by order of the court, an admixture of equity and pragmatism impels us to hold that either an estoppel or an implied waiver of the right to appeal arises upon satisfaction of the judgment. The money having been paid pursuant to court order, the judgment stands final and satisfied in full.

The appeal is dismissed.

Coakley, J., and Ginsburg, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.