[Civ. No. 59391. Second Dist., Div. Two. Jan. 23, 1981.]

SOUTHERN PACIFIC TRANSPORTATION COMPANY,
Cross-complainant and Appellant, v.
THE STATE OF CALIFORNIA, Cross-defendant and Appellant.

COUNSEL

Peter J. Samuelson and Samuelson & Oksner for Cross-complainant and Appellant.

Richard G. Rypinski, Joseph A. Montoya, Robert L. Meyer, Robert W. Vidor and Ira W. Holroyd for Cross-defendant and Appellant.

OPINION

FLEMING, J.—Cross-complainant Southern Pacific Transportation Company (Southern Pacific) and cross-defendant State of California (State) both appeal a judgment of contribution entered against State. The issue is whether a joint tortfeasor found guilty of willful misconduct is entitled to contribution or partial indemnification from a joint tortfeasor found guilty of ordinary negligence. We conclude that willful misconduct does not bar contribution among joint tortfeasors.

The action underlying the cross-complaint at bench was brought by Eddie and Olynthia Scott for, inter alia, the wrongful death of their daughter Cassandra Ann Scott, who died in February 1975 from injuries sustained when the vehicle she was driving was struck by a train owned and operated by Southern Pacific at a railroad crossing at Vineyard Avenue in Oxnard. In their original complaint for Cassandra's wrongful death, plaintiffs alleged that at the time and place of the accident Southern Pacific negligently entrusted, managed, and operated its train at a dangerous rate of speed, and that State negligently maintained a dangerous condition of public property at the intersection where the collision occurred. Specifically, plaintiffs alleged that their daughter was trapped on the tracks because the railroad guard signals malfunctioned. More than two years after the filing of the original complaint, plaintiffs filed a separate action against Southern Pacific, which sought compensatory damages for destruction of the vehicle and for medical expenses, and punitive damages for Southern Pacific's willful misconduct. The court ordered the two actions consolidated, and the cause was ultimately tried on an amended complaint containing the allegations of both former complaints.

In September 1978 the jury entered a special verdict which found decedent, State, and Southern Pacific each one-third negligent, and

assessed total damages at $75,000. The jury also found Southern Pacific guilty of willful misconduct, but denied punitive damages. In October 1978 the trial court entered judgment in favor of the Scotts against Southern Pacific for $75,000, and against State for $50,000. Specifically, the court held Southern Pacific and State jointly and severally liable for $50,000 ($75,000 total damages less $25,C00 attributable to decedent's negligence), and held Southern Pacific individually liable for the full $75,000 on the theory that Southern Pacific's willful misconduct overrode decedent's contributory negligence.

Southern Pacific paid the full amount of the damages plus costs and interest and thereafter sought indemnification or contribution from State. State argued that Southern Pacific's willful misconduct barred any contribution. The trial court, however, rejected State's contention, and in October 1979 it entered judgment on the cross-complaint in favor of Southern Pacific and against State for $25,000 plus one-half the costs and interest paid by Southern Pacific, for a total of $28,431.94.

Both sides appeal. State contends the trial court erred in entering any judgment of contribution against it. Specifically, State, adopting the trial court's conclusion that a defendant guilty of willful misconduct is not entitled to rely on comparative fault to reduce his liability to a negligent plaintiff, argues by analogy that a joint tortfeasor guilty of willful misconduct is not entitled to partial indemnity from a concurrent tortfeasor guilty of ordinary negligence. (It is not disputed that maintenance of a dangerous condition of public property by State is the equivalent of ordinary negligence.) In opposition, Southern Pacific contends the court erred in not entering judgment for half the total damages of $75,000 paid by it. Willful misconduct, it argues, does not defeat contribution among joint tortfeasors, and therefore each party should contribute its pro rata share of the total damages. The trial court rejected both arguments, concluding that while willful misconduct does not bar contribution altogether, a tortfeasor guilty of ordinary negligence is only required to contribute his "pro rata share of that portion of the judgment for which he would have been responsible had none of the joint tortfeasors been guilty of wanton or willful misconduct," in this instance one-half of $50,000.

We agree with the result reached by the trial court, but arrive at that result by a different route. In our view, the trial court correctly applied the doctrine of comparative fault in apportioning damages between

Southern Pacific and State, but incorrectly failed to apply the doctrine in apportioning damages between Southern Pacific and plaintiffs.

Prior to 1975 California used the rule of contributory negligence, under which plaintiff's own negligence barred any recovery from a negligent defendant. (Civ. Code, § 1714; *Li* v. *Yellow Cab* (1975) 13 Cal.3d 804, 809-810, 813-823 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393].) To alleviate the inequities which resulted from the use of that rule when a plaintiff was only slightly at fault, an exception to the absolute bar of contributory negligence was developed under which a negligent plaintiff could recover from a defendant whose negligence was willful. The rationale of the exception was that "... a serious wrongdoer should not escape liability because of the less serious or even perhaps trivial misstep of his victim. [Citations.]" (*Williams* v. *Carr* (1968) 68 Cal.2d 579, 583 [68 Cal.Rptr. 305, 440 P.2d 505]; see also, *Donnelly* v. *Southern Pacific Co.* (1941) 18 Cal.2d 863, 869 [118 P.2d 465]; *Li* v. *Yellow Cab, supra*, p. 825.) A defendant guilty of willful misconduct could not assert the defense of contributory negligence as an absolute bar against a negligent plaintiff's recovery. (*Li* v. *Yellow Cab Co., supra*, p. 825; *Williams* v. *Carr, supra*, 68 Cal.2d 579, 583.) Moreover, such a defendant could be held liable by a negligent plaintiff for punitive as well as compensatory damages. (*Donnelly* v. *Southern Pacific Co., supra*, p. 870.)

In 1975 the Supreme Court replaced the all-or-nothing rule of contributory negligence with a rule of comparative negligence, under which liability for damages is apportionable in accordance with the fault of the persons whose negligence caused the injuries. (*Li* v. *Yellow Cab Co., supra*, 13 Cal.3d 804, pp. 828-829.) Under the comparative negligence rule, a plaintiff's contributory negligence does not bar his recovery but merely diminishes proportionately the amount of damages he may recover against others who contributed to his injury. In adopting the new rule the court reserved two related issues for future resolution—contribution or indemnity among joint tortfeasors, and the role of willful misconduct under comparative negligence. (See *Li* v. *Yellow Cab Co., supra*, pp. 823-824, 825-826.)

The issue of contribution and indemnity among joint tortfeasors was resolved in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], which held concurrent tortfeasors jointly and severally liable to a negligent plaintiff for the total amount of damages. The court, however, recognized a right of

partial indemnity among multiple tortfeasors. (*American Motorcycle Assn., supra*, 583, 586-591; see also, *Ventura County v. City of Camarillo* (1978) 80 Cal.App.3d 1019 [144 Cal.Rptr. 296].)

The second unresolved issue in *Li*, the role of willful misconduct under comparative negligence, was recently addressed by the Court of Appeal in the Fifth District, which concluded that willful misconduct does not preclude application of the comparative-negligence rule. (*Sorensen v. Allred* (1980) 112 Cal.App.3d 717 [169 Cal.Rptr. 441].) In reaching its conclusion, the court noted that the contributory-negligence rule and the willful-misconduct rule together amount to a rule of comparative fault under which the lesser fault does not bar the greater. The court said that no defensible reason exists for categorizing willful misconduct as a kind of negligence not comparable with any other kind of negligence, and it concluded that the adoption of a rule of comparative negligence rendered superfluous the separate category of negligence described as willful misconduct. (P. 725.)

■ We agree with the Court of Appeal's reasoning that the need for a separate category of negligence identified as willful misconduct, which was designed to alleviate the inequity of the all-or-nothing contributory negligence rule, has disappeared with the adoption of a rule of comparative negligence. The concept of willful misconduct remains viable only for an intentional injury which justifies punitive damages. Unless a defendant has intentionally injured a plaintiff, he is entitled to a reduction in his liability to the plaintiff to the extent plaintiff's own negligence has contributed to the injury. Similarly, a defendant is entitled to partial indemnity from a concurrent tortfeasor to the extent the latter's negligence or misconduct contributed to the injury. (See, Code Civ. Proc., § 875, subd. (d).) Under the comparative-negligence dispensation every party remains liable for his proportionate share of fault, whether his conduct is described as simple negligence or as willful misconduct. (See *Li v. Yellow Cab, supra*, p. 829; *American Motorcycle Assn. v. Superior Court, supra*, p. 588.)

We note that punitive damages are not a factor in the cause at bench, in that the trial court specifically found that Southern Pacific had not intentionally injured the deceased. Accordingly, the trial court erred in entering judgment against Southern Pacific for the full amount of the vicariously negligent plaintiffs' damages. However, Southern Pacific satisfied the $75,000 judgment against it and did not appeal that judgment. That part of the judgment has now become final. (See *Hellman*

*Comm. T.S. Bank* v. *Alden* (1929) 206 Cal. 592, 599 [275 P. 794]; *Miller* v. *Cabral* (1971) 13 Cal.App.3d 503, 506 [91 Cal.Rptr. 776].) But the second aspect of the trial court's judgment—that which held Southern Pacific and State jointly and severally liable for $50,000 (total damages reduced by the one-third attributable to decedent's negligence)—was correct. Accordingly, Southern Pacific was entitled to recover $25,000 from State for the latter's proportionate share of fault, and the trial court properly concluded that State was liable for that amount. However, the trial court erred in ordering Southern Pacific in the now final underlying judgment to pay prejudgment interest. Interest, like exemplary damages, in a tort action is recoverable only in cases involving oppression, malice, or fraud. (Civ. Code, §§ 3288, 3294.) Willful misconduct, having been rendered obsolete as a concept by the adoption of comparative negligence, cannot justify such an award. The trial court specifically found that Southern Pacific had not intentionally injured plaintiffs' decedent. Accordingly, the award of prejudgment interest was incorrect.

The judgment of contribution is modified by deleting the sum *$28,431.94* and by inserting in its place the sum *$25,000.* In other respects the judgment is affirmed. Each party will bear its own costs on appeal.

Roth, P. J., and Compton, J., concurred.

A petition for a rehearing was denied February 13, 1981, and the petition of cross-defendant and appellant for a hearing by the Supreme Court was denied March 25, 1981.