**Joseph C. PLYLER, Plaintiff-Appellee,**

v.

**WHEATON VAN LINES, an Indiana corporation and Raymond G. Hutton, Defendants-Appellants.**

**No. 79–4277.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1981.

Decided March 30, 1981.

---

Gordon M. Park, McCormich, Barstow, Sheppard, Coyle & Wayte, Fresno, Cal., for defendants-appellants.

Jean Dandona, Santa Barbara, Cal., argued for plaintiff-appellee; Peter J. Samuelson, Santa Barbara, Cal., on brief.

Before TRASK and KENNEDY, Circuit Judges, and BONSAL,* Senior District Judge.

KENNEDY, Circuit Judge:

Before California adopted the comparative negligence principle in *Li v. Yellow* Cab Co., 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975), the state rule was that a plaintiff's contributory negligence did not bar or diminish recovery if the defendant was guilty of wanton and wilful misconduct. The sole question here is whether, under California law, the comparative negligence doctrine superseded the wanton and wilful misconduct rule. Our interpretation of California law is that the wanton and wilful misconduct rule was superseded, and that after *Li v. Yellow Cab Co.* it was no longer the applicable law of the state. Accordingly, we remand for apportionment of damages based on comparative negligence, without reference to aggravated misconduct.

This diversity action began when Hutton, a driver for appellant Wheaton Van Lines, attempted to make a U-turn in a moving van by crossing the center median of a divided highway in heavy fog. In so doing, he caused a twelve car collision. Appellee Plyler was driving the eleventh car and was traveling at excessive speed. He also failed to apply his brakes.

The jury found both Hutton and Plyler negligent; it apportioned fault 80 percent to Hutton, 20 percent to Plyler. Over appellant's objection, the court directed a special interrogatory to the jury asking if Hutton's action was wanton and wilful misconduct. The jury responded affirmatively. The court, relying on this latter finding, did not apportion damages in the final judgment, but awarded Plyler the full amount of the damages found by the jury.

California law controls this appeal. *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We recognize that the California Supreme Court has not stated specifically that the comparative fault principle announced in *Li v. Yellow Cab* extends to situations of wanton and wilful misconduct. While the appeal in this case was pending, however, California's Fifth District Court of Appeal ruled that wilful and wanton misconduct does not bar

---

* Honorable Dudley B. Bonsal, Senior United States District Judge for the Southern District of New York, sitting by designation.

application of comparative fault principles. *Sorenson v. Allred,* 112 Cal.App.3d 717, 169 Cal.Rptr. 441 (1980). *Sorenson* represents what we think to be the correct rule of law, as well as the rule applicable at time of trial. The concept of aggravated misconduct was developed to mitigate the harsh application of the earlier rule that contributory negligence barred recovery even when one party was egregiously more culpable than another. That is no longer necessary in a regime of comparative negligence. *Id.* at 725, 169 Cal.Rptr. 441. We believe *Sorenson* merely states formally what was the logical and predictable result of the adoption of comparative fault.[1] *Compare Li v. Yellow Cab Co.,* 13 Cal.3d 804, 825, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975) ("[T]he loss of deterrent effect that would occur upon application of comparative fault concepts to wilful and wanton misconduct . . . would be slight . . . .") *with Daly v. General Motors Co.,* 20 Cal.3d 725, 144 Cal.Rptr. 380, 575 P.2d 1162 (1978) (extending comparative fault to products liability cases) *and Safeway Stores, Inc. v. Nest-Kart,* 21 Cal.3d 322, 146 Cal.Rptr. 550, 579 P.2d 441 (1978) (extending allocation of fault among tortfeasors to cases where one defendant liable in negligence and the other in strict liability). *See also* Fleming, *Report to the Joint Committee of the California Legislature on Tort Liability on the Problems Associated with* American Motorcycle Ass'n v. Superior Ct., 30 Hastings L.J. 1964 (1979). As such, we have no difficulty in applying the principle here. *See Stoner v. New York Life Ins. Co.,* 311 U.S. 464, 467–68, 61 S.Ct. 336, 337–38, 85 L.Ed. 284 (1941); *Klingebiel v. Lockheed Aircraft Corp.,* 494 F.2d 345, 346 & n. 2 (9th Cir. 1974).

We owe deference, moreover, to state court decisions which alter existing law, including decisions of intermediate state courts, and we will follow appropriate precedent even if it is announced after the district court has ruled. *Vandenbark v. Owens-Illinois Co.,* 311 U.S. 538, 543 & n. 21, 61 S.Ct. 347, 350 & n. 21, 85 L.Ed. 327 (1941); *Community Nat'l Bank v. Fidelity*

& *Deposit Co. of Md.,* 563 F.2d 1319, 1321 n. 1 (9th Cir. 1978); *Klingebiel v. Lockheed Aircraft Co.,* 494 F.2d 345, 346 n. 2 (9th Cir. 1974). *Sorenson* holds the wilful misconduct rule has not survived the comparative negligence rule, and we follow that general determination here.

Appellee argues that *Sorenson* also adopted a limited retroactivity framework and that, under *Sorenson,* the elimination of the wilful misconduct rule would not be applicable here. *See Sorenson,* 112 Cal.App.3d at 726, 169 Cal.Rptr. 441. This court and other federal courts have indicated that, in a diversity case, the question of retroactivity of new state law may be a federal rule, not a state one. *Nelson v. Brunswick Corp.,* 503 F.2d 376, 381–82 n. 12 (9th Cir. 1974). *See also Vandenbark v. Owens-Illinois Co.,* 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941); *Samuels v. Doctors Hospital, Inc.,* 588 F.2d 485, 489 (5th Cir. 1979); *Downs v. J. M. Huber Corp.,* 580 F.2d 794, 796 (5th Cir. 1978). That rule has been criticized as contrary to the underlying rationale requiring uniformity between state and federal decisions. *See* 1A, Part 2, Moore's Federal Practice ¶ 0.307[3], at 3105 (2d ed. 1980). We need not determine whether retroactivity is controlled by state or federal principles here, however, for the retroactivity aspect of the *Sorenson* holding is in apparent conflict with a decision of another California court of appeal, which we determine better predicts the view of the California Supreme Court. In *California v. Southern Pac. Trans. Co.,* 115 Cal. App.3d 116, 171 Cal.Rptr. 187 (1981), the court, in addition to joining *Sorenson* in the view that wilful misconduct does not bar application of comparative fault principles, made the further implicit holding that such principles were to be applied retroactively to the date of *Li v. Yellow Cab.* With such a conflict between two California courts of equal rank, we must determine what the California Supreme Court would hold. Moore's Federal Practice, *supra,* ¶ 0.308, at 3111. Having held that abrogation of the wilful and wanton misconduct rule was a

---

1. On February 6, 1981, the California Supreme Court declined to hear *Sorenson.*

necessary and implicit consequence of *Li v. Yellow Cab*, we hold further that its retroactivity is coextensive with the comparative negligence rule on which abrogation turns. The wanton and wilful misconduct rule is therefore inapplicable to this case.

The judgment is vacated and the cause remanded so that the trial court may enter a new judgment with the correct apportionment of damages.

VACATED and REMANDED.