951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley ROBINSON; Lucille Robinson, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE CO., Defendant-Appellee.
 No. 90-16228.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1991.
Decided Dec. 11, 1991.
 
 1
 Before TANG and TROTT, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Stanley and Lucille Robinson (the "Robinsons") appeal the district court's grant of summary judgment for Allstate Insurance Company ("Allstate"). The district court concluded the Robinsons' suit against Allstate was time-barred under the one-year time-limit provision in their insurance contract. We review de novo, Lancaster Community Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 399 (9th Cir.1991), and we affirm.
 
 
 4
 Pursuant to California law, the Robinsons' insurance policy contained the following provision.
 
 12. Suit Against Us
 
 5
 No suit or action may be brought against us unless there has been full compliance with all the policy terms. Any suit or action must be brought within one year after the date of the loss.
 
 
 6
 This case hinges on the "date of the loss" (or the "inception of the loss") as defined by Prudential-LMI Commercial Ins. v. Superior Court, 798 P.2d 1230 (Cal.1990).[1] Prudential defines the "inception of the loss" as "that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." Id. at 1238.
 
 
 7
 Prudential warns that the date of the "inception of the loss" "is a factual matter for the trier of fact," id., and "will, in many cases, be an issue of fact for the jury to decide," id. at 1247. However, "[w]hen ... the evidence supports only one conclusion, summary judgment may be appropriate." Id. Here, summary judgment was appropriate: the Robinsons' own deposition testimony reveals that in the fall of 1987, there was "appreciable damage [to the Robinsons' home] ... such that a reasonable insured would be on notice of a potentially insured loss." Id. at 1238. The Robinsons sued Allstate on June 30, 1989, approximately twenty months later. Twenty months exceeds the twelve-month period in the Robinsons' policy.
 
 
 8
 Prudential's doctrine of equitable tolling is of no avail to the Robinsons, as it reduces the time period by only two months, from twenty to eighteen months. See id. at 1238-41. Eighteen months still exceeds twelve months. Even accounting for Prudential's doctrine of equitable tolling, the Robinsons' suit was time-barred. The district court correctly granted summary judgment for Allstate.
 
 
 9
 The Robinsons claim on appeal that Allstate was estopped from asserting the time-limit defense. This claim lacks merit. Prudential establishes that "[a]n estoppel 'arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action.' " Id. at 1240 (citation omitted). Allstate denied coverage in an eight-page letter which quoted the notice, time-limit, and scope-of-coverage provisions in the Robinsons' policies. In closing, the letter stated:
 
 
 10
 [i]n addition to the policy terms discussed above, there may be other provisions which relate to your claim or our denial. By discussing the above provisions, Allstate is not giving up or waiving its right to rely on other policy terms not discussed above, nor any other legal rights or defenses.... If you would like to bring additional facts to Allstate's attention, please do so as soon as possible.
 
 
 11
 Allstate's letter could not reasonably have induced any form of reliance by the Robinsons.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Prudential is the controlling law on this appeal, even though it was decided after the district court's order. Plyler v. Wheaton Van Lines, 640 F.2d 1091, 1093 (9th Cir.1981)