865 P.2d 807

**Doris ORMSBEE, Plaintiff/Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant/Appellee.**

No. CV–91–0324–PR.

Supreme Court of Arizona,
En Banc.

Dec. 28, 1993.

Tully & Wezelman by John L. Tully, Tucson, for Doris Ormsbee.

Snell & Wilmer by David A. Paige and Laura V. Ridenour, Tucson, for Allstate Ins. Co.

Warner Angle Roper & Hallam by Charles R. Hallam and Jerome K. Elwell, Phoenix, for amicus curiae Carl R. Such and Carrie M. Force.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Hunsaker and Christopher Robbins, Phoenix, for amicus curiae, USAA and State Farm Fire & Cas. Co.

## SUPPLEMENTAL OPINION

MARTONE, Justice.

This is Allstate's motion for reconsideration of our opinion in *Ormsbee v. Allstate Ins. Co.*, 176 Ariz. 109, 859 P.2d 732 (1993). We there held that an umbrella policy that provides automobile liability insurance is an "automobile liability or motor vehicle liability" policy within the meaning of A.R.S. § 20–259.01(A), (B), and (C).

In its motion for reconsideration, Allstate informs us that effective July 17, 1993 the legislature added subsection (I) to A.R.S. § 20–259.01. It provides as follows:

> An insurer is not required to offer, provide or make available coverage conforming to this section in connection with any general commercial liability policy, excess policy, umbrella policy or other policy that does not provide primary motor vehicle insurance for liabilities arising out of the ownership, maintenance, operation or use of a specifically insured motor vehicle.

Allstate argues that this addition shows prior legislative intent. On the contrary, the addition is a major departure from our prior law and is an explicit attempt to overrule *St. Paul Fire and Marine Ins. v. Gilmore*, 168

Ariz. 159, 812 P.2d 977 (1991). Whatever subsection (I) means for conduct occurring on or after its effective date, it has no effect on obligations which arose under the statute before its amendment.

We note that our holding only required that insurers, pursuant to the statute, make an offer of coverage. Allstate has provided us with no reason why it would not want to offer UM or UIM coverage. How is the carrier burdened if its customer is willing to pay the premium?

The amici USAA and State Farm Fire and Casualty Company ask us to apply the rule of *Ormsbee* prospectively only. Ormsbee and amici Such and Force point out that the issue of prospective application was not raised by the parties and thus it is inappropriate to consider it on a motion for reconsideration.

An amicus cannot raise issues which have not been raised by the parties. *Town of Chino Valley v. City of Prescott,* 131 Ariz. 78, 84, 638 P.2d 1324, 1330 (1981). Of course, prospective application would leave *Ormsbee* a hollow shell in light of the addition of subsection (I) to A.R.S. § 20–259.01. Thus, even if it were appropriate to consider the question sought to be raised by amici, this case is not an appropriate candidate for prospective application.

In all events, Allstate's motion for reconsideration is denied.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.