28 F.3d 104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeff AHRING; Veronica Ahring, single persons, individually,
and for and on behalf of their children Mandy and
Parker Ahring and Shaypane Ahring, a
single man, Plaintiffs-Appellants,
v.
TRUCK INSURANCE EXCHANGE, a foreign corporation; State Farm
Mutual Automobile Insurance Company, a foreign corporation;
ABC Corporations 1-10, domestic or foreign corporations;
State Farm Fire and Casualty Company, Defendants-Appellees.
 No. 93-15467.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1994.*
Decided July 7, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeff and Veronica Ahring, individually and on behalf of their children, appeal the district court's grant of summary judgment to State Farm Fire & Casualty Co. ("SFF") in the Ahrings' declaratory relief action alleging breach of contract and bad faith denial of insurance coverage under Arizona law.
 
 
 3
 Under Arizona law, the Uninsured Motorist Act ("UMA"), Ariz.Rev.Stat.Ann. Sec. 20-259.01, applied to umbrella policies that covered automobiles and motor vehicles.[1] Ormsbee v. Allstate Ins. Co., 859 P.2d 732, 736 (Ariz.1993) (Ormsbee I ). The district court's contrary conclusion must be reversed in light of Ormsbee I. See Ormsbee II, 865 P.2d at 808 (Ormsbee I applies retroactively); see also Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941) (federal court must apply state law in accordance with the then controlling decision of the highest state court); Nelson v. Brunswick Corp., 503 F.2d 376, 381-82 (9th Cir.1974) (court of appeals must apply state law as defined by highest state court at the time of appellate decision even if the law has been altered since the entry of the district court judgment); cf. id. at 381-82 n. 12 (Vandenbark requires federal courts to apply current state decisional law without inquiry into whether state would apply new decision retroactively); Plyler v. Wheaton Van Lines, 640 F.2d 1091, 1093 (9th Cir.1981) (refusing to decide whether federal or state principles govern retroactivity of state decisional law in a diversity case).
 
 
 4
 Nonetheless, the UMA's purpose is "to guarantee all insureds protection against uninsured motorists." Employers Mut. Cas. Co. v. McKeon, 765 P.2d 513, 516 (Ariz.1988) (emphasis added). Nothing in Ariz.Rev.Stat.Ann. Sec. 20-259.01 purports to restrict an insurer's ability to define the class of "insureds" under its policies or to require an insurer to extend coverage to those who are not insured. Alcala v. Mid-Century Ins. Co., 828 P.2d 1262, 1264 (Ariz.Ct.App.1992). The SFF umbrella policy excludes people using a named insured's vehicle "in the course of an automobile ... service business" from its definition of "insureds." The Ahring children were using Rogers' truck in the course of his auto repair business. Rogers lent it to their grandfather while his truck was in Rogers' shop for repair. By the express terms of the policy, they were not "insureds." As a result, the UMA, which guarantees protection to all insureds, does not protect them.
 
 
 5
 No provision of the Arizona Safety Responsibility Act, Ariz.Rev.Stat.Ann. Sec. 28-1170 requires a different result. In Ormsbee I, the court found that "A.R.S. Sec. 1170(G) does exempt excess or additional coverages from the mandatory requirements of the Safety Responsibility Act." 859 P.2d at 734 n. 1; see Ariz.Rev.Stat.Ann. Sec. 28-1170(G) ("A policy which grants the coverage required for a motor vehicle liability policy may also grant lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and the excess or additional coverage shall not be subject to the provisions of this chapter."). Umbrella coverage is excess coverage, St. Paul Fire & Marine Ins. Co. v. Gilmore, 812 P.2d 977, 980 (Ariz.1991), which is not subject to the requirements of the SRA. SFF is free to restrict the class of insureds under Rogers' umbrella policy in any way that does not run afoul of some other provision of Arizona law. Because of section 1170(G), the Ahrings cannot rely on the omnibus clause, section 1170(B), to establish their status as insureds. Since the Ahrings were not insureds, they were not entitled to any coverage under the Rogers' umbrella policy.
 
 
 6
 Pursuant to Ariz.Rev.Stat.Ann. Sec. 12-341.01(A), we have discretion to grant SFF's request for its reasonable attorney's fees incurred in connection with this appeal. We do not believe that an award is warranted in this case so we decline to make one.
 
 AFFIRMED AND REMANDED.[2]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 That law has now been amended. Ariz.Rev.Stat.Ann. Sec. 20-259.01(I) (1993). However, the amendment does not affect this case. Ormsbee v. Allstate Ins. Co., 865 P.2d 807, 808 (Ariz.1993) (Ormsbee II)
 
 
 [2]
 The district court did not decide SFF's motion for summary judgment on the Ahring's bad faith claim. Nor will we